**UNITED STATES of America, Plaintiff,**

v.

**Anthony GAINES and Timothy Dalmasso, Defendants.**

**No. 91 CR 639.**

United States District Court,
N.D. Illinois, E.D.

Dec. 8, 1993.

Asst. U.S. Atty. Philip Guentert, Chicago, IL, for plaintiff.

Patrick L. Brown, Cincinnati, OH, for defendant Gaines.

Alan S. Nagel, Chicago, IL, for defendant Dalmasso.

### MEMORANDUM ORDER

SHADUR, Senior District Judge.

On November 15, 1993 Timothy Dalmasso ("Dalmasso") filed a self-prepared Motion To Reduce Term of Imprisonment, based on a recent amendment (effective November 1) to the Sentencing Guideline ("Guideline") that had originally set the range for sentencing in his case. Because that amendment was expressly made retroactive in its application,

this Court promptly (on November 17) issued the attached Memorandum Order containing two requests:

    1. that all parties—not only Dalmasso but also his co-defendant Anthony Gaines ("Gaines") and Assistant United States Attorney Phillip Guentert ("Guentert")—submit "calculations as to how the new Guideline calculation affects the relevant Guideline ranges and the resulting sentences for Dalmasso and for Gaines (if the latter elects to seek relief)," and

    2. that prosecutor Guentert "state (1) the government's position as to whether relief should be granted to either or both defendants and (2) the reasons underlying that position."

At this point the requested submissions have been received from all parties, and the question of potential reductions in the Dalmasso and Gaines sentences by reason of the amended Guideline is ready for decision.

With commendable forthrightness, prosecutor Guentert's Memorandum has also confirmed the retroactivity of amended Guideline § 2D1.1(c), and he has provided the calculations that would be appropriate if the amended provisions were to be applied to either or both defendants here. In that respect Guideline § 1B1.10(b), part of the Policy Statement dealing with retroactive amendments, says that "the Court should consider the sentence that it would have originally imposed had the Guidelines, *as amended*, been in effect at that time." Because 18 U.S.C. § 3582(c)(2) does permit the reduction of a sentence under the present circumstances (indeed, such a reduction may be ordered even on a court's own motion), this Court turns to the task.

### Timothy Dalmasso

■ In accordance with Dalmasso's plea agreement entered into under Fed.R.Crim.P. ("Rule") 11(e)(1)(C), the government moved for a downward departure (1) below the statutory minimum sentence established by 21 U.S.C. § 841 and (2) to a sentence equal to 50% of the low end of the applicable Guideline range. After conducting a full sentencing hearing, this Court accepted that Rule 11(e)(1)(C) agreement and, because Dalmasso's then-existing adjusted offense level of 28 corresponded to a sentencing range of 78 to 97 months, imposed a custodial sentence of 39 months.

Now the Guideline amendment bases the offense level for a crime involving LSD (that was the gravamen of Dalmasso's and Gaines' offenses) on the number of doses of that controlled substance (rather than its actual weight, including the weight of the carrier medium). Because the LSD doses that were ascribable to Dalmasso aggregated 1225 in number,[1] that number now equates to 490 milligrams of LSD, which corresponds to an offense level of 20. That level then reduces to 18 because of Dalmasso's acknowledged acceptance of responsibility.

That lower adjusted offense level in turn translates into a Guideline range of 27 to 33 months. And if the newly amended Guideline had been in effect at the time of sentencing, this Court's acceptance of the Rule 11(e)(1)(C) plea agreement would thus have called for a custodial sentence of 50% of the low end of that range: 13½ months.

Because Dalmasso has been in custody since July 15, 1992, he has already served more than that 13½ month time frame. This Court has taken into account all aspects of Dalmasso's original presentence investigation report and the matters developed in the sentencing hearing, as well as all of the factors specified in 18 U.S.C. § 3553(a), and it determines that justice is well served by granting Dalmasso the full relief based on the current amendment. It accordingly reduces Dalmasso's custodial sentence to time served, with all other aspects of his original sentence to remain unchanged.

### Anthony Gaines

In response to this Court's Memorandum Order, Gaines has also moved for resentencing through Cincinnati lawyer Patrick

---

1. Dalmasso's lawyer has submitted a calculation based on 1075 doses, but that reflects an erroneous understanding of this Court's findings at the sentencing hearing. However, the difference in quantity makes no difference in the result in any event.

Brown, Esq.[2] As explained a bit later, that motion is incorrect in one significant respect (an aspect on which the government's memorandum has the matter right). But in all events Gaines too is entitled to relief—though not as much as is mistakenly sought by his counsel.

Because Gaines was substantially more involved in the LSD trade than Dalmasso, the plea agreement that he and his counsel originally struck with the government was less favorable. Also entered into under Rule 11(e)(1)(C), it called for a departure downward from the mandatory minimum sentence and the applicable Guideline range to a custodial term of 75% of the low end of that range (not to exceed 176 months in any event).

When this Court originally sentenced Gaines, it attributed at least 4500 doses of LSD to him—a quantity that produced an adjusted offense level of 32 (after the two-level reduction for acceptance of responsibility), and thus a Guideline range of 121 to 151 months. That calculation resulted in the imposition of a custodial sentence of 91 months (75% of the low end of the range) to be served by Gaines.

As suggested in the preceding paragraph, based on the evidence at the sentencing hearing this Court might well have ascribed substantially more LSD traffic to Gaines as "related conduct" within the meaning of the Guidelines. But as the figures worked out, it was unnecessary for this Court to resolve that question, because the larger quantity would not have raised the Guideline level in any event. And that remains true even under the newly amended Guideline:

1. 4,500 doses of LSD are now made the equivalent of 1.8 grams, corresponding to an offense level of 26.

2. That same offense level would still apply under the Guideline § 2B1.1(c)(9) drug quantity table to as many as 9,999 LSD doses—and on the credible evidence at the sentencing hearing, so large a quantity could not reasonably be attributed to Gaines as relevant conduct.

[2] Consequently Gaines' amended Guideline calculation begins at an offense level of 26. After a two-level reduction for acceptance of responsibility,[3] Gaines' adjusted offense level becomes 24, producing a Guideline range of 51 to 63 months. Under the 75% formulation that was provided by his Rule 11(e)(1)(C) plea agreement, Gaines' custodial sentence would have been 39 months "had the Guidelines, *as amended,* been ·in effect" at the time of sentencing.

Gaines' situation is more problematic than Dalmasso's. Not only was he more culpable in connection with the offense of conviction, but other aspects of his background and his conduct portray him as a materially poorer risk. At the same time, the substantial period of time in custody represented even by a 39–month sentence, when coupled with the five-year post-custodial period of supervisory release during which the criminal justice system will keep a string on Gaines, leads this Court to conclude that the full reduction that is permitted by the new Guideline amendment is in order.[4]

As it did with Dalmasso, this Court has taken into account all of the factors identified in 18 U.S.C. § 3553(a) as those factors bear on Gaines' situation. It modifies Gaines' sentence by reducing its custodial portion to 39 months in the custody of the Attorney Gener-

2. This Court grants the motion of attorney Brown for leave to appear pro hac vice (not pro hoc vice, as he would have it) on Gaines' behalf.

3. This is the point at which Gaines' counsel has gone astray. He has erroneously included a request for an even further reduction, seeking to invoke the November 1, 1992 amendment to Guideline § 3E1.1 that permits one additional level of reduction for acceptance of responsibility under certain circumstances. But that change (the subject of Guideline Amendment 459) is *not* among those that the Sentencing Commission has chosen to make retroactive, and hence this

Court is not empowered to grant a further sentence modification in that respect under 18 U.S.C. § 3582(c)(2) (*Ebbole v. United States,* 8 F.3d 530, 1993 U.S.App. LEXIS 28014, at *27–*29 (7th Cir.)).

4. Gaines should be forewarned that the reduction ordered here gives him a real break. If he were to violate· the conditions of supervised release, this Court or any other judge hearing his case would surely take that into account in fashioning an appropriately stern response.

al. In all other respects his sentence remains as originally pronounced.

## APPENDIX

### *MEMORANDUM ORDER*

Timothy Dalmasso ("Dalmasso"), one of the two defendants in this criminal case, has just tendered a self-prepared Motion To Reduce Term of Imprisonment. Dalmasso's motion is based on a recent amendment to the Sentencing Guideline ("Guideline") that set the range for sentencing in his case. Because the motion clearly has potential merit in facial terms, and because the same Guideline amendment would also apply to the sentence that this Court imposed on co-defendant Anthony Gaines ("Gaines"), copies of this order are being transmitted to both Dalmasso and Gaines and to their respective counsel, as well as to the Assistant United States Attorney responsible for the case.

Both Dalmasso and Gaines were charged with, and each filed a guilty plea to, a conspiracy to distribute LSD (a violation of 21 U.S.C. § 846). Effective November 1, 1993 Guideline § 2D1.1(c) was amended by changing the prior directive as to factoring LSD into the Guideline's Drug Quantity Table in this manner:

> In the case of LSD on a carrier medium (*e.g.*, a sheet of blotter paper), do not use the weight of the LSD/carrier medium. Instead, treat each dose of LSD on the carrier medium as equal to 0.4 mg of LSD for the purposes of the Drug Quantity Table.

Related changes were simultaneously made in the Application Notes to the Commentary to § 2D1.1 (a new Note 18) and to the Background explanation to the same Commentary.

Although the Guideline amendment that accomplished all of those changes (Amendment 488) does recite that its effective date is November 1, 1993, the Policy Statement by the Sentencing Commission as to the retroactivity of amended Guideline ranges (Guideline § 1B1.10) expressly lists Amendment 488 as one of the amendments covered by that Policy. That Policy Statement permits a sentencing court to consider a reduction in a previously-sentenced defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2). Indeed, that statute even permits a reduction on the court's own motion, in the absence of a motion by defendant or by the Director of the Bureau of Prisons.

No view is of course expressed here as to either branch of the ultimate determination as to any such reduction for either Dalmasso or Gaines:

> 1. whether such a reduction is potentially available for either or both of them under the recalculation signaled by the Guideline amendment; and

> 2. if it is, whether either or both of them should receive the benefit of such a reduction.[1]

But certainly both defendants are entitled to this Court's *consideration* of such potential relief. For that purpose (as stated at the outset) copies of this memorandum order are being transmitted to *both* Dalmasso and Gaines, to their respective former counsel and to Assistant United States Attorney Philip Guentert.[2] On or before November 26, 1993 all parties are ordered to provide this Court with calculations as to how the new Guideline calculation affects the relevant Guideline ranges and the resulting sentences for Dalmasso and for Gaines (if the latter elects to seek relief), and prosecutor Guentert's submission should also state (1) the government's position as to whether relief should be granted to either or both defen-

---

1. According to Dalmasso's forwarding letter accompanying his self-prepared motion, he has calculated that his term of imprisonment would actually be complete at this point, allowing his immediate release.

2. It may be that either or both of Dalmasso and Gaines may not still be represented (or may not wish to be represented) by their prior counsel, in which event such counsel would be under no obligation to respond to this order. In that event this Court should hear directly from Dalmasso or Gaines (assuming that the latter also seeks such potential relief).