UNITED STATES of America, Plaintiff,

v.

Joel DUDEK, Defendant.

No. 91 CR 1056.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 4, 1994.

Julia E. Getzels, Chicago, IL, for plaintiff.

Daniel Martin, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Joel Dudek ("Dudek") has tendered a motion seeking the reduction of his sentence under 18 U.S.C. § 3582(c)(2). To that end Dudek's able counsel seeks to parlay (1) the retroactive amendment to the Sentencing Guidelines ("Guidelines") dealing with LSD-related offenses (Guidelines §§ 2D1.1(c) and 1B1.10) with (2) our Court of Appeals' opinion in *United States v. Wills*, 35 F.3d 1192 (7th Cir.1994).

Dudek's difficulty is that his counsel's argument is only half right—that is, it accurately reflects the change in the Guidelines and the retroactivity of that change—while Dudek must prevail on both branches of the argument if he is to obtain the substantial degree of relief sought by his motion. Under the retroactive Guidelines amendment the range for Dudek's offense does indeed appear to have dropped to between 51 and 63 months. But the problem is that Dudek's plea agreement (the "Agreement") was entered into under Fed.R.Crim.P. ("Rule") 11(e)(1)(C), which in law established a *contract* between Dudek and his lawyer on the one hand and the United States on the other (see, e.g., *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir.1992), *United States v. Ingram*, 979 F.2d 1179, 1184 (7th Cir.1992), and cases cited in both of those decisions) that was then accepted by this Court at the sentencing hearing. And Agreement ¶ 14 provided expressly:

However, this plea agreement is governed, in part, by Federal Rule of Criminal Procedure 11(e)(1)(C). That is, the parties have agreed that the incarceration component of any sentence imposed by the court shall be a term of imprisonment in the custody of the Attorney General of sixty (60) months or one-half the lower end of the guideline range, whichever is higher.

At this point, then, the binding agreement between the parties has become one that still requires a custodial sentence measured by the greater of (1) 60 months and (2) (assuming the correctness of Dudek's counsel's calculations) 25½ months. That being the case, the Guidelines amendment has virtually no effect—the only relief that this Court is empowered to grant is a minuscule reduction from 61 months to 60 months in Dudek's custodial sentence.[1]

█ Nor does *Wills* help Dudek. Under that decision a motion by the United States for a downward departure under Guidelines § 5K1.1 (a motion that does not of course take effect unless it is granted by the district court) cannot limit the extent of the court's resulting exercise of its discretion when, under 18 U.S.C. § 3553(e), it determines the extent of the departure that should be attributed to the defendant's cooperation. Here Dudek's problem is that Rule 11(e)(1)(C) does not vest the sentencing court with any discretion at all—like the on-off alternatives that are provided by a diode or (in more modern terms) a computer chip, the court is limited to either accepting or rejecting the specific sentence that has been expressly agreed to in the Rule 11(e)(1)(C) plea. So *Wills* simply has no bearing here.[2]

In sum, Dudek's present effort to obtain relief must be rejected except in the most nominal of terms. Accordingly his motion is granted only to the extent that his sentence committing him to the custody of the Bureau of Prisons is reduced from 61 months to 60 months. In all other respects the sentence as originally imposed remains in effect.

---

1. Beginning almost immediately after the November 1, 1993 effective date of the retroactive Guidelines amendment, this Court has reviewed other sentences based on LSD offenses and has granted relief on the basis permitted by that amendment (see, e.g., *United States v. Gaines*, 838 F.Supp. 377 (N.D.Ill.1993)). But particularly in light of the Supreme Court's decision in *Chapman v. United States*, 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991), it must be understood that the Guidelines amendment has not issued a blank check to sentencing judges to grant retroactive relief to every defendant who was involved in an LSD offense. Indeed, this Court has been constrained to deny any relief whatever to Dudek's co-defendant Jason Cohn because under the circumstances of Cohn's conviction *Chapman* trumped the change in the Guidelines.

2. As Agreement ¶ 14 stated, Rules 11(c)(2) and (4) dictate that this Court's acceptance of the Rule 11(e)(1)(C) agreement foreclosed Dudek's ability to withdraw the plea.