UNITED STATES of America, Appellee,

v.

CHENG AH–KAI, Defendant–Appellant.

No. 105, Docket 91–1192.

United States Court of Appeals,
Second Circuit.

Argued Sept. 13, 1991.

Decided Dec. 6, 1991.

Cheryl Pollack, Asst. U.S. Atty. E.D.N.Y., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., Catherine E. Palmer, David W. Shapiro, Asst. U.S. Attys. E.D.N.Y., Brooklyn, N.Y.), for appellee.

David A. Lewis, The Legal Aid Soc., Federal Defender Services Appeals Unit, New York City, for defendant-appellant.

Before KEARSE, MINER and McLAUGHLIN, Circuit Judges.

MINER, Circuit Judge:

Defendant-appellant, Cheng Ah–Kai, appeals from a judgment of conviction entered on February 1, 1991 in the United States District Court for the Eastern District of New York (Nickerson, J.), after a plea of guilty to a charge of importing more than one kilogram of heroin into the United States, in violation of 21 U.S.C. § 952(a) and § 960(b)(1)(A). Prior to sentencing, the United States Attorney moved for downward departure from the sentence established in the United States Sentencing Guidelines ("U.S.S.G." or "sentencing guidelines") for Cheng's "truthful, forthright and important" cooperation with the government. Although Cheng argued for a sentence below the statutory minimum, the district court reluctantly agreed with the government that because the motion was made under U.S.S.G. § 5K1.1, it did not have the authority to depart below the statutory minimum sentence. The district court was in accord with the government's argument that departure below the statutory minimum must be preceded by a government motion made specifically under the authority of 18 U.S.C. § 3553(e). We reject the government's argument, vacate the judgment of the district court, and remand for resentencing.

BACKGROUND

On January 26, 1988, as the result of an undercover investigation by the Drug Enforcement Administration, Cheng was arrested in Hong Kong for participating in a scheme to import approximately 30 kilo-

grams of heroin into the United States. Cheng was extradited to the United States on May 11, 1988 for prosecution.

On June 6, 1988, Cheng executed a preliminary cooperation agreement with the government. The cooperation agreement provided, *inter alia*, that "Mr. Cheng agrees to be fully debriefed concerning his knowledge of, and participation in, narcotics trafficking activities in the United States, Hong Kong, ... and elsewhere." The cooperation agreement stated in paragraph 9 that

> [the government], prior to sentencing, will advise the sentencing court of the nature and extent of Mr. Cheng's cooperation. Further, at the time of sentencing, if Mr. Cheng has fullfilled the terms of his cooperation, the government will request that the sentencing court *depart from the sentencing guidelines.*

(emphasis added). Thereafter, on July 21, 1989, Cheng entered into a plea agreement which purported to incorporate the terms and conditions of the June 6 cooperation agreement. The plea agreement provided, *inter alia*, in paragraph 8 that

> [a]fter fully evaluating the nature and extent of the defendant's cooperation, [the government], in its sole discretion, *may move, pursuant to [§ 3553(e)], to request the Court to impose a sentence below the statutory minimum.*

(emphasis added).

Subsequently, Cheng entered a plea of guilty to one count of importing more than one kilo of heroin into the United States in violation of 21 U.S.C. § 952(a) and § 960(b)(1)(A). The Probation Office for the Eastern District of New York submitted a presentence report regarding Cheng to the district court on August 24, 1989. The presentence report noted that under § 960(b)(1)(A), which is the sentencing provision for violations of § 952(a), the statutory minimum term of imprisonment is 10 years and the maximum is life. The sentencing guidelines imprisonment range was reported to be 151–188 months (approximately 12½–15½ years), calculated in the presentence report on the basis of a total offense level of 34 and a criminal history category of I. The report also advised the district court that it could consider an upward departure under the sentencing guidelines because of the unusually high purity and quantity of the heroin involved. *See* U.S.S.G. § 2D1.1.

On January 24, 1991, the government submitted a letter to the district court recommending that the court "downwardly depart from the guidelines set forth in the presentence report when imposing sentence on the defendant Cheng." In the letter, the government informed the district court that Cheng had provided "extensive intelligence information" to the DEA agents regarding other drug traffickers. The government characterized Cheng's cooperation as "truthful, forthright and important" and advised the district court that "the importance and sincerity of Cheng Ah-Kai's cooperation, as well as his evident remorse, justifies a downward departure from the *sentencing guidelines.*" (emphasis added). The letter did not, however, make reference to a departure from the statutory minimum ten-year sentence. Both the government and Cheng agree that the letter constituted the equivalent of a motion under § 5K1.1 and we will treat it as such.

At Cheng's sentencing on February 1, 1991, defense counsel argued for a sentence below the 10–year mandatory statutory minimum. The government objected, contending that a motion for departure from the sentencing guidelines pursuant to § 5K1.1 and a motion for departure from the statutory minimum pursuant to § 3553(e) were separate and distinct, and that the decision whether to make either motion rested solely with the government. The government's position was that the letter was only a motion to depart downward from the sentencing guidelines under § 5K1.1, not a motion to depart from the statutory minimum under § 3553(e). The district court agreed with the government's position, concluding that it did not have the power to depart below the statutory minimum under the circumstances. The district court imposed the statutory minimum sentence of 120 months, a five-year term of

supervised release, and a $50 special assessment. Cheng is presently serving his sentence of imprisonment at the Federal Correctional Facility at Bastrop, Texas.

## DISCUSSION

Section 3553(e) is entitled "Limited authority to impose a sentence below a statutory minimum." It provides that

[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. *Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of Title 28, United States Code.*

(emphasis added). Section 994, referred to in § 3553(e), was enacted as part of the Sentencing Reform Act of 1984. 28 U.S.C. § 994. This section lists the duties of the Sentencing Commission and empowers the Commission specifically under § 994(n) as follows:

The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, *including a sentence that is lower than that established by statute as a minimum sentence,* to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

(emphasis added). It is clear that § 994(n) directs the Sentencing Commission, through the guidelines, to provide for downward departures based on a defendant's "substantial assistance" to the government, including departures below statutory minimum sentences.

The result of § 994(n)'s mandate was § 5K1.1. Section 5K1.1 reads as follows:

[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has

committed an offense, the court may depart from the guidelines.

It is noteworthy that § 5K1.1 and § 3553(e) both require a showing of "substantial assistance" before there can be any sentencing departure from the guidelines or the statutory minimum. The two provisions differ, however, in that the language of § 3553(e) refers to a departure from the statutory minimum, whereas § 5K1.1's language refers to a departure below the sentencing guidelines. It is upon this difference that the government bases its argument that the statute and guidelines set up two distinct schemes, each requiring its own separate motion by the prosecution.

We have not previously had the occasion to explore the relationship between § 5K1.1 and § 3553(e). We note, however, that recent case law in other circuits supports Cheng's interpretation that a § 5K1.1 motion by the prosecution allows a sentencing court to depart downward from both sentencing guidelines and statutory minimum sentences. *See United States v. Keene,* 933 F.2d 711, 714 (9th Cir.1991) (holding on facts similar to the instant case that trial court could depart from statutory minimum following government's § 5K1.1 motion for departure from sentencing guidelines, even though government had not requested a departure below minimum sentence pursuant to § 3553(e)); *see also United States v. Wade,* 936 F.2d 169, 171 (4th Cir.1991) (noting that "[s]ection 5K1.1 governs all departures from guideline sentencing for substantial assistance, and its scope includes departures from mandatory minimum sentences permitted by 18 U.S.C. § 3553(e)" (citations omitted)). Analyzing the statutory scheme and the powers of the Sentencing Commission conferred by Congress, we likewise hold that a district court has discretion to depart below the statutory minimum sentence following a government motion pursuant to § 5K1.1. In our view, it is not necessary for the government to specify that it is moving under § 3553(e) for departure below the statutory minimum, once the power of the court has been invoked under § 5K1.1.

Contrary to the government's assertion, the better view, as espoused by the Ninth Circuit in *Keene*, is "that 994(n) and 5K1.1 do not create a separate ground for a motion for reduction below the guidelines exclusive of 3553(e)'s provision for reduction below the statutory minimum." *Keene*, 933 F.2d at 714. "Rather, 5K1.1 implements the directive of 994(n) and 3553(e), and all three provisions must be read together to determine the appropriateness of a sentence reduction and the extent of any departure." *Id.* at 714–15. This reading is supported by Application Note 1 to § 5K1.1. Application Notes to the sentencing guidelines are included to help courts interpret the intent and meaning of the guidelines. U.S.S.G. § 1B1.7. Application Note 1 states that, "[u]nder circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a *statutorily required minimum sentence.*" U.S.S.G. § 5K1.1, comment. (n.1) (emphasis added). The inclusion of this note signifies that § 3553(e) was contemplated when § 5K1.1 was drafted and leads to the conclusion that the Sentencing Commission intended that § 5K1.1 serve as a conduit for the application of § 3553(e). Thus, although § 5K1.1 uses the phrase "depart from the guidelines," § 994(n) and Application Note 1 to § 5K1.1 expressly refer to reductions below the statutory minimum sentence and make clear that this result was contemplated by the Sentencing Commission when § 5K1.1 was adopted.

The Background Commentary following § 5K1.1 states that "[l]atitude is ... afforded the sentencing judge to reduce a sentence based upon variable relevant factors.... The sentencing judge must, however, state the reasons for reducing a sentence under this section. 18 U.S.C. § 3553(c)." *Id.*, comment. (backg'd.). The citation to § 3553(c) (Statement of reasons for imposing a sentence) in the Commentary to § 5K1.1 highlights the connection between § 5K1.1 and § 3553. Moreover, the Sentencing Commission refers to § 5K1.1 as governing departures below the statu-

tory minimum in U.S.S.G. § 2D1.1, comment. (n. 7) (Unlawful Manufacturing, Importing, Exporting, or Trafficking [In Drugs] (Including Possession with Intent to Commit These Offenses)). The Commentary, in Note 7, states, "[w]here a mandatory (statutory) minimum sentence applies, this mandatory minimum sentence may be 'waived' and a lower sentence imposed (including a sentence below the applicable guideline range), as provided in 28 U.S.C. § 994(n), by reason of a defendant's 'substantial assistance in the investigation or prosecution of another person who has committed an offense.' *See* § 5K1.1 (Substantial Assistance to Authorities)." This Commentary supports the contention that the Sentencing Commission perceives § 5K1.1 as covering departures both from "mandatory (statutory) minimum" sentences and from the guidelines.

The government relies on numerous cases for the proposition that § 5K1.1 and § 3553(e) serve separate and distinct functions, each requiring a motion by the prosecution before a departure is authorized. *See United States v. Reina*, 905 F.2d 638, 640 (2d Cir.1990); *United States v. Rexach*, 896 F.2d 710, 713 (2d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 433, 112 L.Ed.2d 417 (1990); *United States v. Coleman*, 895 F.2d 501, 504 (8th Cir.1990). These cases are inapposite, because none address the issue presently before this Court. Rather, all speak principally to the issue of prosecutorial discretion in making a motion in the first instance based on a finding of "substantial assistance." The cases stand for the narrow proposition that the district court has no authority to depart downward in the absence of an initial government motion. While it is clear that a government motion is required in the first instance, under either § 5K1.1 or § 3553(e), before the district court may depart downward, the cases do not say whether a § 5K1.1 motion by the prosecution will allow a sentencing judge to depart below the statutory minimum sentence.

The interpretation of § 5K1.1 to include departure from the statutory minimum upon a showing of "substantial assistance"

reflects a proper balance, consistent with the separation of powers. As we noted previously in a case involving a challenge to the constitutionality of § 3553(e), "the decision whether to make a motion for departure affects whether a defendant will be eligible to be considered for a sentence below the prescribed range [but] [t]he power to decide the motion and to pronounce the sentence ... remain[s] with the court." *United States v. Huerta*, 878 F.2d 89, 92 (2d Cir.1989), *cert. denied*, 493 U.S. 1046, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990). *See also United States v. Musser*, 856 F.2d 1484, 1487 (11th Cir.1988), *cert. denied*, 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989) (the "only authority 'delegated' ... is the authority to *move* the district court for a reduction of sentence ... authority to actually reduce a sentence remains vested in the district court").

The government advocates the interpretation that § 5K1.1 and § 3553(e) provide authority for two separate and distinct types of departure—one for departure below the guidelines and one for departure below the statutory minimum. This interpretation would lead to a usurpation of the discretion of the district court and allow the government to control the extent of the sentencing departure. While "the prosecutor is in the best position to know whether defendant's cooperation has been helpful ... [t]he extent of that assistance and its impact on the sentence are matters left within the sound discretion of the sentencing judge." *Keene*, 933 F.2d at 714. *Cf. United States v. Pippin*, 903 F.2d 1478, 1485–1486 (11th Cir.1990) (government has no control over the extent of departure after making 5K1.1 motion). Neither the congressional mandate nor the Sentencing Commission's execution of that mandate supports the limitation on the sentencing judge's discretion claimed by the government. Indeed, the fact that both § 5K1.1 and § 3553(e) require the same showing of "substantial assistance" supports our conclusion that once the government makes this finding, the discretion to depart rests with the district court.

The government in this case points out that, during plea negotiations, both parties understood that the government offer included only a request to depart from the guidelines. The clarity of this alleged understanding is undermined, however, by the facial inconsistency between the cooperation agreement (referring to departure from sentencing guidelines), plea agreement (referring to departure below statutory minimum), and letter/motion setting forth Cheng's "substantial assistance" (referring to departure from sentencing guidelines). Regardless of the understanding of the parties, the power to decide a motion to depart from the sentencing guidelines is vested in the sentencing court. *Huerta*, 878 F.2d at 92; *see also United States v. Castellanos*, 904 F.2d 1490, 1497 (11th Cir.1990) (under both guidelines and statute, decision to depart downward is within sentencing court's discretion). The prosecution's role is limited to deciding whether to move for departure for the defendant's "substantial assistance." Once the motion is made, the rest is up to the sentencing court.

## CONCLUSION

The judgment of the district court is vacated and the case is remanded for resentencing in accordance with the foregoing.