**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Sheila M. WILLS, Defendant–Appellee.**

No. 93–4024.

United States Court of Appeals, Seventh Circuit.

Argued April 15, 1994.

Decided Sept. 20, 1994.

---

9. See *supra* note 5.

Lee H. Dodd, Office of the U.S. Atty., Springfield, IL (argued), for plaintiff-appellant.

Carol J. Reid, Springfield, IL (argued), for defendant-appellee.

Before EASTERBROOK and RIPPLE, Circuit Judges, and DILLIN, District Judge.*

RIPPLE, Circuit Judge.

The issue before us is whether the United States, by filing a motion for downward departure under § 5K1.1 of the United States Sentencing Guidelines ("U.S.S.G."), and not under 18 U.S.C. § 3553(e), can limit the authority of the district court to depart below the statutory minimum sentence. The district court departed below the mandatory minimum sentence when it sentenced Sheila Wills, despite the government's attempt to limit the court's authority in its motion. We affirm the sentence imposed on Ms. Wills.

I

On August 12, 1993, Ms. Wills pleaded guilty to three counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). On count three, involving distribution of five grams or more of cocaine base, she faced a mandatory minimum sentence of five years of imprisonment. In the plea agreement, she promised to cooperate with the government, and the government made a commitment to seek a downward departure of her sentence if, in the judgment of the government, she provided substantial assistance. The plea agreement provided:

> The government reserves the right, in its sole discretion, to make a motion at the time of sentencing for downward departure from the sentencing guideline range pursuant to § 5K1.1 of the Sentencing Guidelines and from any mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e) if the defendant provides sub-

---

* The Honorable S. Hugh Dillin, of the United States District Court for the Southern District of Indiana, is sitting by designation.

stantial assistance in the investigation or prosecution of other criminal offenses.

R. 9, ¶ 5. Ms. Wills did cooperate with the government. In accordance with the plea agreement, therefore, the government moved for a downward departure.[1] At the sentencing hearing conducted November 19, 1993, the government explained that Ms. Wills had agreed to cooperate immediately after her arrest, and that her covert drug buys for law enforcement had resulted in at least one indictment and prosecution of one other individual in the Central District of Illinois. Her assistance in providing information in the Southern District also proved useful. Because Ms. Wills' cooperation was substantial, the government sought to reduce her sentence. Assuming an applicable guidelines range of 87–108 months, as calculated in the presentence report, it moved for a downward departure from that range, under § 5K1.1, to the mandatory minimum sentence of 60 months. Defense counsel then argued for a sentence below the statutory minimum.

The district court sentenced Ms. Wills to 24 months of imprisonment. The court was of the view that, once the government has made a motion for downward departure, the court has discretion to determine the degree of departure and may determine that a departure below the statutory minimum sentence is appropriate. It also imposed other penalties, including four years of mandatory supervised release and restitution. The government now appeals the sentence.

## II

■ There are two provisions of law that provide a means to reward a defendant for cooperation. The first, 18 U.S.C. § 3553(e), is found in the Sentences chapter of Part II of the Crimes and Criminal Procedure Act:

**(e) Limited authority to impose a sentence below a statutory minimum.—** Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute

as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

The second is a guideline promulgated by the Sentencing Commission:

**§ 5K1.1.    Substantial Assistance to Authorities (Policy Statement).**
Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

The government views these two provisions, § 3553(e) and § 5K1.1, as establishing separate fonts of authority to provide different rewards for different levels of substantial assistance to government. The government therefore asserts that the prosecution may choose to invoke one or both of these provisions according to its assessment of the defendant's cooperation.

■ Although the government's position has been accepted by the Court of Appeals for the Eighth Circuit, *see United States v. Rodriguez–Morales*, 958 F.2d 1441, 1444 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 375, 121 L.Ed.2d 287 (1992), it has been rejected by every other court of appeals that has addressed the issue. *See United States v. Beckett*, 996 F.2d 70, 75 (5th Cir.1993); *United States v. Cheng Ah–Kai*, 951 F.2d 490, 492–93 (2d Cir.1991); *United States v. Keene*, 933 F.2d 711, 714 (9th Cir.1991); *see also United States v. Wade*, 936 F.2d 169, 171 (4th Cir.1991) (acknowledging the proposition in dicta), *aff'd on other grounds,* —— U.S. ——, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Upon examination of the authorities, we believe that the majority of the circuits has identified and followed the intent of Congress more faithfully than the single dissent-

---

1. Ms. Wills also contends that the government violated the plea agreement by refusing to move for a downward departure below the guidelines range *and* the statutory minimum and by objecting to the court's downward departure through this appeal. In light of our decision today that the court is the ultimate decisionmaker on the appropriate degree of departure, we need not consider this issue.

ing circuit. We therefore join those circuits in holding that the government does not have the authority that it asserts here.

In our view, the most appropriate approach to the issue before us is to examine the two sources of downward departure authority set forth above and then to examine their relationship to each other and to the entire sentencing scheme. established by Congress. The first of these two provisions, § 3553(e), mandates, in its last sentence, that downward departures be imposed according to the guidelines and policy statements presented by the Federal Sentencing Commission. In establishing the Commission, Congress charged it with the responsibility to promulgate the United States Sentencing Guidelines. These guidelines were to provide:

> certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct while maintaining sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices.

28 U.S.C. § 991(b)(1)(B). Among the Sentencing Commission's duties in creating the guidelines is the requirement that the Commission provide for downward departures, including those below statutory minimum sentences, when a defendant has substantially assisted the government:

> The commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence,

to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

28 U.S.C. § 994(n). Pursuant to that mandate the Commission promulgated § 5K1.1. The Commission further commented, in Application Note 1 of § 5K1.1, on the intended relationship among the statutes:

> Under the circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below the statutorily required minimum sentence.

■■■ The latter section noted, 28 U.S.C. § 994(n), provides an important key toward understanding the relationship among these provisions. In § 994(n), Congress directed the Sentencing Commission to provide, in the Sentencing Guidelines, a mechanism by which sentences lower than otherwise imposed by statute or the guidelines might be imposed upon individuals who greatly assist the government in other prosecutions. The Commission, in turn, carried out this Congressional mandate (i.e., to "reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence") by drafting § 5K1.1, which implements a general downward departure.[2] In drafting § 5K1.1, the Commission made no distinction between downward departures below the guidelines range and those below the mandatory minimum sentence.[3] This decision on the part of the Commission is a reasonable interpretation of congressional intent, and therefore one to which we owe deference because the Sentencing Commis-

---

**2.** We note that § 5K1.1 is a policy statement rather than a guideline. Our circuit has held that § 5K1.1 reasonably effects the intent of § 994(n) and has the binding force of a guideline. *United States v. Lewis,* 896 F.2d 246, 247 (7th Cir.1990) ("Section 5K1.1 reflects a reasonable interpretation of § 994(n)'s mandate."). *Lewis* notes that § 994(n) requires only that the guidelines recognize the "general appropriateness" of reducing a sentence for substantial assistance. *Id.; see also United States v. Ayarza,* 874 F.2d 647, 653 (9th Cir.1989) (upholding constitutionality of § 3553 and § 5K1.1), *cert. denied,* 493 U.S. 1047, 110 S.Ct. 847, 107 L.Ed.2d

841 (1990); *United States v. White,* 869 F.2d 822, 829 (5th Cir.) (finding § 5K1.1 accords with § 994(n) directive), *cert. denied,* 490 U.S. 1112, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989).

**3.** *See United States v. Hernandez,* 17 F.3d 78, 83 (5th Cir.1994) (" 'Section 5K1.1 governs all departures from guideline sentencing for substantial assistance, and its scope includes departures from mandatory minimum sentences permitted by 18 U.S.C. § 3553(e).' ") (quoting *Wade,* 936 F.2d at 171).

sion has been charged by Congress with administration of the statute. *United States v. Doe,* 934 F.2d 353, 359 (D.C.Cir.) ("The Commission's discharge of its delegated authority is entitled to deference."), *cert. denied,* —— U.S. ——, 112 S.Ct. 268, 116 L.Ed.2d 221 (1991); *see also Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984) (explaining principle of deference accorded to an executive department's construction of a statutory scheme it is entrusted to administer).[4]

Section 3553(e) provides that a court may impose a sentence below the statutory minimum "in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994." Nothing in these tightly interrelated provisions, § 994(n) and § 3553(e), contemplates the sort of prosecutorial control of the decision of how much of a departure is appropriate that the government's position urges. Indeed, in a neighboring provision, § 5K2.0, the policy statement concerning grounds for departure, the Commission made clear its understanding that the final determination of the extent of the departure is in the hands of the court.

> Circumstances that may warrant departure from the guidelines pursuant to this provision cannot, by their very nature, be comprehensively listed and analyzed in advance. *The controlling decision as to whether and to what extent departure is warranted can only be made by the courts.*

§ 5K2.0 (emphasis added). Like our colleagues in the Second, Fourth, Fifth and Ninth Circuits, we are persuaded that these provisions, requiring a sentencing court to follow the guidelines and their official commentaries pursuant to the statutory sections 3553(e) and 994(n), place on the shoulders of the district court the responsibility to determine the extent of the departure.

As Judge Miner noted in his opinion for the Second Circuit in *Cheng Ah–Kai,* 951 F.2d at 494, the position advocated by the government in this case would upset the balance of responsibility mandated by Congress. While the prosecutor is in the best position to know whether a defendant has been helpful, it is the duty of the court to decide what impact that assistance ought to have on the adjudicated sentence. As Judge Miner wrote, any other allocation of authority would "lead to a usurpation of the discretion of the district court." *Id.* The government must first state that the defendant has provided substantial assistance; the government is in the best position to know whether the cooperation of the defendant was substantial. The court decides whether and to what extent departure is warranted. In making that determination, the district court must, of course, give thoughtful weight to the recommendation of the prosecutor:

> Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain.

§ 5K1.1, comment. (n. 3). This application note, although making clear that it is the duty of the court, not the prosecutor, to determine the extent of the departure, also makes clear that the court ought to hear the government and give thoughtful consideration to what the representative of the United States has to say. The prosecutor has the authority to recommend the amount of departure, including whether the sentence ought to go below the mandatory minimum. Once that recommendation is made, however, the district court is best suited to determine how much of a departure should be made. Just as the decision not to grant the government's motion is within the sentencing

---

4. As we have noted above, the analysis we employ today was first undertaken by the Court of Appeals for the Ninth Circuit in April 1991 (*Keene,* 933 F.2d at 714) and has been widely followed throughout the United States ever since that time. The contrary view, expressed by the Eighth Circuit in March 1992 (*Rodriguez–Morales,* 958 F.2d at 1444) has also been on the books for quite a while. Despite several revisions of the Guidelines since the advent of those decisions and the development of a substantial consensus on the issue among the courts of the Nation, neither Congress nor the Commission has seen fit to stem the tide. Those charged with the administration of the statute, while recommending numerous other changes, have not recommended any changes or clarifications in this regard. *See* 28 U.S.C. § 994(*o* ) ("The Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines[.]").

court's sound discretion, *see United States v. Hayes,* 939 F.2d 509, 513 (7th Cir.1991), so too the extent of that departure is discretionary.

Accordingly, we must conclude that the district court acted within the limits of its statutory authority in imposing the sentence that it did impose.

### Conclusion

For the foregoing reasons, we affirm the sentence imposed on Ms. Wills by the district court.

AFFIRMED.

EASTERBROOK, Circuit Judge, dissenting.

After being arrested for distributing crack cocaine, Sheila Wills turned informer and made some "buys" that inculpated other dealers. The prosecutor asked the judge to reward her for this aid by imposing a term lower than the range provided by the Sentencing Guidelines (87–108 months), but not below the minimum sentence specified in the statute (60 months). The district judge agreed with the idea of reward for assistance but bridled at the limitation the prosecutor sought to place on its magnitude. He imposed a sentence of 24 months' imprisonment, and the question on this appeal by the United States is whether a motion under U.S.S.G. § 5K1.1 to depart from the guidelines necessarily authorizes the judge to disregard the statutory minimum as well.

That the prosecutor may authorize such departures cannot be doubted.

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e). That the prosecutor's motion is essential also cannot be doubted. *Wade v. United States,* —— U.S. ——, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), holds that the decision to make (or withhold) a motion under § 3553(e) is no different from the decision to charge the suspect with a less serious crime (or no crime at all). As prosecutorial discretion informs the selection of the charge, so it informs the decision whether a defendant's assistance is sufficiently valuable to justify a bargain sentence. No matter how much the judge believes that the defendant's assistance should be rewarded, the statutory minimum must be enforced unless the prosecutor shares the judge's assessment.

The prosecutor has a parallel power under 28 U.S.C. § 994(n) and U.S.S.G. § 5K1.1 to authorize a departure from the guidelines. Neither Congress nor the Sentencing Commission has addressed the question whether these two powers are fused, so that it is impossible to exercise one without the other. One may infer from § 5K1.1 that a single motion suffices, but a motion may have many objectives or just one. If the Rules of Criminal Procedure provided that many procedural requests could be combined in a single motion, it would not follow that a motion in limine seeking to exclude evidence necessarily waived the right to trial by jury. Because the Sentencing Commission has not insisted that the two requests are locked together, we need not decide whether this would be within its power. What we have for now are: (i) a vague policy statement in § 5K1.1; (ii) a statutory requirement in § 3553(e) conditioning departure on the prosecutor's request; and (iii) an analogy between these motions and the exercise of prosecutorial discretion. Because courts cannot control the exercise of such discretion unless the prosecutor violates the Constitution—and Wills does not argue that by insisting on a minimum sentence of 60 months the prosecutor violated the Constitution—it follows that the district court lacked authority to impose a sentence lower than 60 months. Accord, *United States v. Rodriguez–Morales,* 958 F.2d 1441 (8th Cir. 1992); *United States v. Keene,* 933 F.2d 711, 715–23 (9th Cir.1991) (Alarcon, J., dissenting). The contrary position of four circuits, including the majority in *Keene,* takes little if any account of the close relation between a motion under § 3553(e) and the exercise of prosecutorial charging discretion, an equation that after *Wade* is dispositive.

If we were to ponder the question of linkage, the issue I would pose would be whether simultaneous departure from both statutory minimum and guideline range is appropriate. Recall the second sentence of § 3553(e): "Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code." I understand this to mean that the prosecutor's authorization to impose a sentence below the statutory minimum does not permit the judge to throw out the guidelines and impose any term that strikes his fancy. Section 3553(e) reads as if designed to deal with statutory minima that lie above the range of sentences the Sentencing Commission thinks best. In exchange for assistance, the prosecutor can remove the barrier to the use of the guideline range. Similarly, when the guideline range exceeds the statutory minimum, the prosecutor by motion under § 5K1.1 may facilitate departure from the guidelines. We know from 28 U.S.C. § 994(n) that the prosecutor may authorize a judge to depart from statute and guideline in the same case. Still, treating one motion as inevitably dispensing with all criteria, so that judges may act as they did in the days of uncabined sentencing discretion that preceded the Sentencing Reform Act of 1984, is sufficiently contrary to the themes animating that statute that we should avoid imputing that conclusion to the Sentencing Commission—especially since we know that the Executive Branch wants nothing of the sort.

Sheila Wills has received a boon from the district court. Future defendants and society at large will pay the price. Section 3553(e) and Guideline 5K1.1 permit a prosecutor to offer a reward for assistance. This process works best if the amount of the reward can be graduated to the value of the assistance—a value the prosecutor (who sees the full menu of crimes and potential cases in the district) can assess better than a judge. By holding that a motion under either § 3553(e) or § 5K1.1 permits the judge to give any sentence he deems appropriate, the majority curtails the prosecutor's ability to match the reward to the assistance. When cooperation can be procured for a modest reduction, a lower sentence overcompensates

the defendant, at the expense of the deterrent force of the criminal law. Another consequence is that there will be fewer motions of any kind. If filing a motion under § 5K1.1 permits the judge to cut the sentence by three-quarters (as happened here), the prosecutor will insist on a great deal of assistance. Many defendants are unlucky enough to have little of value to offer. See *United States v. Brigham*, 977 F.2d 317 (7th Cir. 1992). They are now condemned to serve the full authorized sentence, even though a prosecutor possessed of power to differentiate might reward slight aid with a slight reduction. The majority's approach leads to sentencing inversions: big fish who have many subordinates to turn upon receive low sentences, and little fish with nothing to offer receive high sentences. Modest departures under § 5K1.1 for modest assistance mitigate this effect. By converting the motion into an all-or-none affair, the majority ensures that for many defendants the allowed departure will be "none." Neither the legislature nor the Sentencing Commission has ordained this result, and I would not strain to attain it.