

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-1995

# United States v Melendez

Precedential or Non-Precedential:

Docket 93-5755

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"United States v Melendez" (1995). *1995 Decisions.* Paper 137.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/137

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NO. 93-5755


UNITED STATES OF AMERICA

v.

JUAN MELENDEZ
Appellant


On Appeal From the United States District Court
For the District of New Jersey
(D.C. Crim. Action No. 92-cr-00713-2)


Argued February 16, 1995

BEFORE:  STAPLETON and COWEN, Circuit Judges, and
         HUYETT, District Judge*

(Opinion Filed  May 22, 1995)


                    Patrick A. Mullin (Argued)
                    25 Main Street
                    Court Plaza North
                    Hackensack, N.J.  97601
                      Attorney for Appellant

                    Faith S. Hochberg
                    United States Attorney
                    Victor Ashrafi (Argued)
                    Chief, Appeals Division
                    970 Broad Street
                    Newark, N.J.  07102
                      Attorneys for Appellee


* Honorable Daniel H. Huyett, 3rd, United States District Judge
for the Eastern District of Pennsylvania, sitting by designation.

<u>OPINION OF THE COURT</u>

STAPLETON, <u>Circuit Judge</u>:

Juan Melendez appeals his sentence. The first issue presented concerns a district court's authority to depart downward from a statutory minimum sentence based upon the defendant's substantial assistance with a criminal investigation where the government has moved under USSG §5K1.1 for a departure below the U.S. Sentencing Guideline range but has not moved under 18 U.S.C. § 3553(e) for a departure below the statutory minimum. We hold that, under such circumstances, a district court's authority under §5K1.1 to depart below the Sentencing Guideline range does not permit it to depart below a lower minimum sentence set by statute. The second issue concerns Melendez's motion for a downward departure pursuant to application note 17 to USSG §2D1.1. We agree with the district court that §2D1.1 application note 17 does not permit a district court to depart downward from a statutory minimum sentence. The final issue concerns Melendez's contention that the district court should have permitted him to withdraw his guilty plea. The record establishes that Melendez in fact did not attempt to withdraw his plea before the district court.

I.

Melendez and codefendant Edwin Moya were approached by confidential informants of the United States Customs Service posing as importers and transporters of cocaine. This initial contact led to several meetings, during which Melendez, Moya, and the confidential informants discussed the availability of cocaine for distribution. The discussions culminated in a meeting during which Melendez and Moya gave the confidential informants $10,000 as a deposit toward the transportation expenses for 24 kilograms of cocaine. The next day, the two codefendants deposited an additional $2500 for the transportation of the cocaine.

Shortly thereafter, Moya and Melendez were arrested by New York authorities on unrelated drug charges. After their arrest, Moya's common law wife, Anna Maria Ferrara, her brother Raphael Ferrara, and her uncle Bienvenido Polanco, held further negotiations with the confidential informants for a 225-kilogram cocaine purchase. Government agents ultimately made a controlled delivery of 30 kilograms of cocaine to Raphael Ferrara and Polanco. Raphael Ferrara and Polanco were arrested shortly after taking possession of the drugs and Anna Maria Ferrara was arrested on the following day.

Melendez was charged with conspiring, in violation of 21 U.S.C. § 846, to distribute and to possess with intent to distribute more than five kilograms of cocaine, a crime that carries a statutory minimum sentence of 10 years' imprisonment. 21 U.S.C. § 841(b)(1)(A). He originally pleaded not guilty. Plea negotiations ensued, however, and Melendez ultimately signed

a cooperating plea agreement.  The agreement provided, in pertinent part, that in return for Melendez's cooperation with the government's investigation and his pleading guilty, the government would move for a downward departure from the applicable Guideline range pursuant to USSG §5K1.1.  The agreement did not require the government to file a § 3553(e) motion to depart below the statutory minimum, however.  Melendez retracted his plea of not guilty and pleaded guilty to the charged conspiracy.

The probation officer determined that the Guideline sentencing range applicable to Melendez's crime was 135 to 168 months.  The government, in accordance with the agreement, moved for a downward departure from that Guideline range, pursuant to §5K1.1, in recognition of Melendez's substantial assistance in the investigation or prosecution of another person.  The district judge granted that motion, and departed downward from the sentencing range set by the Guidelines.  However, because the government had not also moved pursuant to § 3553(e), the judge ruled that he had no authority to depart below the statutory minimum and meted out the 10-year minimum sentence required by statute.  Melendez maintains that this was error.  He argues that a §5K1.1 motion not only triggers the court's authority to depart downward from the sentencing level set by the Guidelines but also triggers the court's authority to depart below a lower, statutory minimum.

II.

The government maintains that Melendez waived or forfeited his right to appeal this issue, claiming that Melendez never formally argued to the district court that the government's §5K1.1 departure motion empowered the court to depart below the 10-year statutory minimum.  To preserve the right to appeal a district court ruling, "it is sufficient that a party, at the time the ruling . . . is made or sought, makes known to the court the action which that party desires the court to take . . . and the grounds therefor."  Fed. R. Crim. P. 51.  Moreover, "[t]he general rule requiring counsel to make clear to the trial court what action they wish taken should not be applied in a ritualistic fashion.  If the problem has been brought to the attention of the court, and the court has indicated in no uncertain terms what its views are, to require an objection would exalt form over substance."  3A Charles A. Wright, Federal Practice & Procedure § 842, 289-90 (1982 & Supp. 1994); see also Government of Virgin Islands v. Joseph, 964 F.2d 1380, 1384-85 (3d Cir. 1992) (rejecting the government's contention that an issue was not preserved for appeal because the court had been made aware of the issue and because a contemporaneous objection would not have further aided the district court); cf. United States v. 57.09 Acres of Land, 757 F.2d 1025, 1027 (9th Cir. 1985) (noting that the government did not waive its right to object to jury instructions because the court had been made "aware of the government's objection"); Bass v. Department of Agriculture, 737 F.2d 1408, 1413 (5th Cir. 1984) (noting the established rule in civil cases "that formal objection is not

necessary if the trial judge was fairly apprised of the nature of the objection").

Our review of the record reveals that Melendez in fact "[made] known to the court the action which [he] desire[d] the court to take."  As the Assistant United States Attorney admitted during the sentencing hearing:  "Both defendants through counsel have argued that the Court depart downward from this mandatory minimum."  (App. at 24a.)  Moreover, the district court was made well aware of the underlying legal debate over whether a §5K1.1 motion permits a district court to depart below a statutory minimum.  The government admitted during the sentencing hearing that "[s]ome arguments indicate that the law doesn't require the Court to impose the mandatory minimum."  (App. at 24a.)  Most importantly, the district court clearly understood that Melendez was asserting these arguments; it expressly addressed and resolved the issue of the court's authority to depart below the statutory minimum.  In this context, there was no need for Melendez to take the additional step of repackaging the government's statement as his own formal objection to preserve his right to appeal.  Any such requirement would elevate form over substance.  Thus, we conclude that this issue is properly preserved for appeal and we will proceed to the merits of Melendez's argument.

III.

Congress has decreed that a person who distributes, or conspires to distribute, five kilograms or more of cocaine "shall

be sentenced to a term of imprisonment which may not be less than 10 years."  21 U.S.C. § 841(b)(1)(A).  This statute represents a Congressional judgment about the seriousness of this offense and the degree of sanction necessary to punish and deter this kind of conduct.

At the same time, Congress has recognized that the value to society of the cooperation of an individual charged with this kind of offense can, under some circumstances, outweigh the benefit to be derived from imposing the statutory minimum sentence.  Accordingly, Congress has authorized sentences below this and other statutory minima.  Section 3553(e) of Title 18 provides:

> **(e) Limited authority to impose a sentence below a statutory minimum**. -- Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.  Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

Notably, Congress has authorized sentences below a statutory minimum only upon a prosecution's motion; that is, before a court may depart below a statutory minimum, the prosecutor first must determine that the value of the cooperation is sufficiently great to warrant overriding Congress's judgment concerning the minimum appropriate sentence.  By requiring a government motion, Congress thus gave the prosecutor the sole key

that affords access to a sentence below a statutory minimum.
Wade v. United States, 112 S. Ct. 1840, 1843 (1992).

That the prosecutor holds the sole key to the area
below the statutory minimum does not mean that the sentencing
court, once the prosecutor has made a § 3553(e) motion, has
unbridled discretion to set a defendant's sentence, however.  As
the final sentence of § 3553(e) reflects, Congress contemplated
that the limited downward departure authority there bestowed on a
sentencing court would be exercised in the context of, and in a
manner consistent with, a system of Guidelines sentencing that
was being constructed at the time of the passage of § 3553(e).
Consistent with this approach, section 994(n) of Title 28 of the
Sentencing Reform Act of 1984 directs the Sentencing Commission
to formulate Guidelines that will reflect the general
appropriateness of rewarding cooperation with sentences lower
than they would otherwise be, including sentences below a
statutory minimum.  Section 994(n) of Title 28 provides in
pertinent part:

> The [Sentencing] Commission shall assure that
> the guidelines reflect the general
> appropriateness of imposing a lower sentence
> than would otherwise be imposed, including a
> sentence that is lower than that established
> by statute as a minimum sentence, to take
> into account a defendant's substantial
> assistance in the investigation or
> prosecution of another person who has
> committed an offense.

Although § 994(n) directs recognition of the principle
that a lower sentence for cooperation can be appropriate, it says
nothing about a process for identifying particular cases in which

such a sentence may be appropriate.  Accordingly, nothing in the text of § 994(n) suggests that Congress intended by the passage of § 994(n) to take back the access key given to the prosecutor in § 3553(e).  The same can be said for the legislative history of § 994(n).  The most one can argue, from Melendez's perspective, is that § 994(n) <u>may authorize the Commission</u> to take back that key.  The text of § 994(n) does not seem to us to require that reading, however, and the legislative history provides no evidence of such an intent on the part of Congress.

Under § 994(n), the principle that a lower sentence for cooperation may be appropriate applies as well to sentences established by the Guidelines.  Here also § 994(n) says nothing about how particular cases appropriate for such sentences will be identified.  Thus, nothing in § 994(n) requires the Commission to give the prosecutor an exclusive access key to sentences <u>below the Guideline range</u> in return for cooperation.

The Commission exercised the authority given to it in this area by promulgating USSG §5K1.1.  That Guideline and its first application note provide in relevant part:

> **§5K1.1.  <u>Substantial Assistance to Authorities</u>  (Policy Statement)**
>
> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or

prosecution of another person who has
committed an offense, the court may depart
from the guidelines.

* * * *

Application Notes:

1.  Under circumstances set forth in 18
U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as
amended, substantial assistance in the
investigation or prosecution of another
person who has committed an offense may
justify a sentence below a statutorily
required minimum sentence.

There are two things about this action of the

Commission that seem to us important in the current context.  The

first is that the sole authority granted in §5K1.1 is for

departures "from the guidelines."  Given the express reference in

the application note to statutes authorizing departures "below a

statutorily required minimum sentence," we believe this

limitation must represent an advertent decision on the part of

the Commission to provide authority in the Guidelines only for

departures below the Guideline range, leaving departures below

statutory minima to the authority conferred by § 3553(e).[1]

Second, §5K1.1 reflects a policy decision on the part

of the Commission to give the prosecutor a veto power over

departures below the Guidelines range based on cooperation.  The

Commission thus recognized the value of letting the prosecutor's

_____

[1].  Where a statutory minimum is above the Guideline range, it
becomes "the guideline sentence."  USSG §5G1.1(b).  We do not
suggest that two motions are required in such circumstances.  A
motion under either § 3553(e) or §5K1.1 will suffice to
demonstrate that the requisite exercise of prosecutorial
discretion has occurred.

discretion control access to the area between the applicable Guideline range and any applicable, lower statutory minimum, just as § 3553(e) allows that discretion to control access to the area below a statutory minimum.

With this background, we turn to Melendez's argument. He must first ask us to conclude that Congress in § 944(n) authorized the Commission to take back the access key granted to the prosecutor in § 3553(e). While we question this proposition, we may accept it arguendo here. Melendez next insists that the Commission, while recognizing the value of allowing the prosecutor to control access to departures for cooperation below the Guideline range, created a system under which he or she can grant access to the area between the Guideline range and a lower statutory minimum only by surrendering his or her access control to the area below the statutory minimum. Melendez tenders no persuasive reason, however, why the Commission might have chosen to create such a seemingly incongruent system.

The root issue for decision here is whether the prosecutor in a given case will be able to grant access to a Guideline departure for cooperation and at the same time retain control of access to a departure from a lower, statutory minimum. A literal reading of §5K1.1 would indicate that a prosecutor has this option. This conclusion is consistent as well with the Congressional judgment reflected in § 3553(e). Moreover, no policy considerations appear to counsel against this conclusion and a number counsel in favor. Indeed, beyond this case, a denial of this option for the prosecution would appear to be in

no one's best interest.  As Judge Easterbrook observed in his

dissent in United States v. Wills, 35 F.3d 1192, 1198 (7th Cir.

1994):

> Section 3553(e) and Guideline 5K1.1 permit a
> prosecutor to offer a reward for assistance.
> This process works best if the amount of the
> reward can be graduated to the value of the
> assistance -- a value the prosecutor (who
> sees the full menu of crimes and potential
> cases in the district) can assess better than
> a judge. . . . [H]olding that a motion under
> either § 3553(e) or § 5K1.1 permits the judge
> to give any sentence he deems appropriate
> [will curtail] the prosecutor's ability to
> match the reward to the assistance.  When
> cooperation can be procured for a modest
> reduction, a lower sentence overcompensates
> the defendant, at the expense of the
> deterrence force of the criminal law.
> Another consequence is that there will be
> fewer motions of any kind.  If filing a
> motion under § 5K1.1 permits the judge to cut
> the sentence by three-quarters (as happened
> here), the prosecutor will insist on a great
> deal of assistance.  Many defendants are
> unlucky enough to have little of value to
> offer. . . . They are now condemned to serve
> the full authorized sentence, even though a
> prosecutor possessed of power to
> differentiate might reward slight aid with a
> slight reduction.

We hold that a motion under USSG §5K1.1 unaccompanied

by a motion under 18 U.S.C. § 3553(e) does not authorize a

sentencing court to impose a sentence lower than a statutory

minimum.[2]

---

[2].  In so concluding, we join the Court of Appeals for the Eighth
Circuit.  United States v. Rodriguez-Morales, 958 F.2d 1441 (8th
Cir. 1992).  We respectfully disagree with the other courts of
appeals that have addressed the same issue.  United States v.
Wills, 35 F.3d 1192 (7th Cir. 1994); United States v. Beckett,
996 F.2d 70 (5th Cir. 1993); United States v. Cheng Ah-Kai, 951
F.2d 490 (2d Cir. 1991); United States v. Keene, 933 F.2d 711

IV.

Melendez next argues that the government's confidential informants offered to sell him cocaine at prices substantially below market price, thereby leading him to purchase a significantly greater quantity of cocaine than he ordinarily would have been able to purchase given his available funds. He maintains further that the $12,500 he had available for the drug deal would have enabled him to purchase, on the open market, only between one-half and three-quarters of a kilogram of cocaine instead of the more than 50 kilograms attributed to him by the district court. These facts, he contends, mandate a downward departure under Application Note 17 to USSG §2D1.1.[3]

Melendez is not in a position to make these arguments, however. In his plea agreement, he specifically stipulated that

(..continued)
(9th Cir. 1991). We note our accord with the thoughtful dissents in Wills and Keene.

[3]. Application Note 17 states:

> If, in a reverse sting (an operation in which a government agent sells or negotiates to sell a controlled substance to a defendant), the court finds that the government agent set a price for the controlled substance that was substantially below the market value of the controlled substance, thereby leading to the defendant's purchase of a significantly greater quantity of the controlled substance than his available resources would have allowed him to purchase except for the artificially low price set by the government agent, a downward departure may be warranted.

his applicable Guideline range was 50 kilograms to 150 kilograms of cocaine.  Moreover, the probation report determined that the applicable quantity of cocaine to be 75 kilograms and neither Melendez's objections to the presentence report nor his sentencing letter to the district court requested that less than five kilograms should be attributed to him.  We accordingly conclude that the district court properly attributed more than five kilograms of cocaine to Melendez.

Having determined that the district court properly attributed in excess of five kilograms of cocaine to Melendez, the district court then was constrained to impose the statutory minimum sentence of 10 years' imprisonment.  See, e.g., United States v. DeMaio, 28 F.3d 588, 591 (7th Cir. 1994) (holding that a sentencing court may not depart below a statutory minimum on any ground other than substantial assistance to criminal investigation); United States v. Rudolph, 970 F.2d 467, 470 (8th Cir. 1992) (holding that defendant's diminished capacity, while grounds for departure from the Guidelines sentencing range, is not grounds for departure below the minimum sentence set by Congress), cert. denied, 113 S. Ct. 1023 (1993); United States v. Valente, 961 F.2d 133, 135 (9th Cir. 1992) (holding that defendant's aberrant behavior will not justify a departure below a statutory minimum).

V.

Finally, Melendez argues that the district court should have given him an opportunity to withdraw his guilty plea once he learned that the government did not intend to recommend a sentence below the 10-year statutory minimum. This issue also was not properly preserved for appeal. Although Melendez, in a brief filed pro se, maintains that he expressed his desire to withdraw his plea both in conversations with his attorney and in a letter to the court, nothing in the docket sheet or the record before this court supports those claims. Moreover, Melendez failed to express his alleged desire to withdraw his plea when he addressed the court at his sentencing. Because Melendez failed to raise this issue before the district court, we cannot address it here. See, e.g., United States v. Johnson, 359 F.2d 845, 846 (3d Cir. 1966) (noting that questions cannot be presented on appeal that have not first been determined by the district court).

VI.

We will affirm the judgment of the district court.

No. 93-5755

HUYETT, District Judge, dissenting:


I join in Parts I, II, and V of the majority opinion, and respectfully dissent with respect to Parts III, IV, and VI. Although the issue is a close one, I believe the majority has erred in holding that when a sentencing court grants a USSG § 5K1.1 motion to depart below the guideline sentence, the court may not impose a sentence below the statutory minimum unless the § 5K1.1 motion is accompanied by a motion under 18 U.S.C. § 3553(e). I believe the court should follow the position accepted in the majority of circuits that have considered this issue. See United States v. Wills, 35 F.3d 1192 (7th Cir. 1994); United States v. Beckett, 996 F.2d 70 (5th Cir. 1993); United States v. Cheng Ah-Kai, 951 F.2d 490 (2d Cir. 1991); United States v. Keene, 933 F.2d 711 (9th Cir. 1991). But see United States v. Rodriguez-Morales, 958 F.2d 1441 (8th Cir.), cert. denied, ---U.S.---, 113 S. Ct. 375, 121 L. Ed.2d 287 (1992).

The majority correctly reasons that 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n) are silent with respect to whether the prosecutor should be given exclusive access to sentences below the Guideline ranges. I believe the majority errs, however, in determining that § 5K1.1 reflects the Sentencing Commission's advertent decision to give the prosecutor a veto over departures below the Guideline ranges and to leave departures below the statutory minima to the authority conferred by § 3553(e).

A careful reading of the sentencing guidelines and its commentary leads to an opposite conclusion. Guideline commentary "that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, --- U.S. ---, ---, 113 S. Ct. 1913, 1915, 123 L. Ed.2d 598 (1993). With this direction in mind, I believe the court should give more careful consideration to the commentary to the guidelines.

Section 5K1.1 must be read together with application note 1 which reads:

> Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence.

USSG § 5K1.1 comment. (n.1). I believe this note expresses the Sentencing Commission's intent that § 5K1.1 serve as a "conduit" for the application of § 3553(e), see Cheng Ah-Kai, 951 F.2d at 493, and not an attempt to create two separate motions concerning substantial assistance. Application Note 7 to USSG § 2D1.1, the guideline concerning drug offenses, further supports this interpretation and reads as follows:

> Where a mandatory (statutory) minimum sentence applies, this mandatory minimum sentence may be "waived" and a lower sentence imposed (including a sentence below the applicable guideline range), as provided in 28 U.S.C. § 994(n), by reason of a

> defendant's "substantial assistance in the investigation or prosecution of another person who has committed an offense." See § 5K1.1 (Substantial Assistance to Authorities).

USSG § 2D1.1 comment. (n.7). The reference to § 5K1.1 rather than to § 3553(e) illustrates the Commission's determination that departures from the statutory minimum sentence are a mere subset of departures from the guidelines. This cross referencing, along with the substantial cross referencing between § 5K1.1, § 3553(e), and § 994(n) supports the conclusion that the district court has discretion. See Keene, 933 F.2d at 714.

I also disagree with the majority's view that "no policy considerations appear to counsel against this conclusion and a number counsel in favor" of its conclusion. Majority Op. at ---. Other circuits have ably raised policy considerations that counsel against the majority's position. The Ninth Circuit, for example, reasoned that with regard to the powers conferred on the government by § 5K1.1 and § 3553(e), "[o]nce the motion is made by the government, a transfer of discretion regarding the range of departure could well frustrate Congress' goal of eliminating sentencing disparity given the absence of appellate review over the prosecutor's activity." Keene, 933 F.2d at 715. In addition, an interpretation that provides two separate and distinct types of departure "would lead to a usurpation of the discretion of the district court." Cheng Ah-Kai, 951 F.2d at 494.

Although permitting the judge to depart below the guidelines or the statutory minimum on the basis of a § 3553(e) or § 5K1.1 motion curtails the prosecutor's ability to match the reward to the assistance, the defendant's sentence will still reflect his cooperation. Judges are quite capable of making this determination and should be permitted to exercise their sound discretion. See id.; Keene, 933 F.2d at 714.

I would vacate the sentence imposed by the district court and remand this case for resentencing. Therefore, I dissent.