**UNITED STATES of America**

v.

**James BROWN, Appellant**

**No. 00–2613.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) June 6, 2002.

Filed June 21, 2002.

Before SLOVITER, NYGAARD and
BARRY, Circuit Judges.

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Appellant James Brown, who was charged along with other defendants in a thirty-seven count indictment, pled guilty to Count 1, which charged him with conspiracy to defraud and obtain money and property by false and fraudulent pretenses by means of wire communications in violation of 18 U.S.C. 1343.

As the parties are familiar with the facts, we need not discuss them in detail. Brown, a licensed real estate appraiser, provided fraudulent appraisals on properties that were the subject of mortgage loan applications. Brown was involved in falsifying ten real estate appraisals spanning from April to August of 1996. After each property was purchased, there was a substantial wire transfer from the lending institutions to the buyers' attorneys covering the amount of money financed. Each foreclosure resulted in a considerable loss to the lending institution involved.

Brown was sentenced under the fraud guidelines governed by U.S. Sentencing Guidelines Manual, 2F1.1 (2000). The District Court determined that the aggregate loss of the mortgage loans because of Brown's fraudulent appraisals was $437,424. Pursuant to U.S.S.G. 2F1.1(b)(1)(J), the court applied a nine-point upward adjustment because the aggregate loss was greater than $350,000 but less than $500,000. This upward adjustment, along with other uncontested adjustments, resulted in a total offense level of sixteen. With a total offense level of sixteen and a Criminal History Category of III, Brown was exposed to an imprisonment range of twenty-seven to thirty-three months. The District Court sentenced Brown to serve a thirty-month term of imprisonment and to pay restitution in the amount of $105,000.

In determining the aggregate loss attributable to Brown's fraudulent appraisals, the District Court took into account only four of the ten properties that had gone into foreclosure when the Presentence Report was prepared. The first appraisal used in the loss calculation involved an estimated loss to First Union National Bank of $105,000. The other three fraudulent appraisals involved estimated losses to Walsh Securities totaling $332,424. Brown objects to the calculation of the sentencing enhancement, arguing that the amount of loss calculated for Walsh Securities should be excluded because, he contends, Walsh Securities participated in the overall conspiracy to defraud.

A district court's factual determinations underlying the application of the sentencing guidelines are reviewed for clear error. *United States v. Hebling*, 209 F.3d 226, 242–43 (3d Cir.2000). The District Court's legal interpretation of the Sentencing

Guidelines is subject to plenary review. *United States v. Yeaman*, 194 F.3d 442, 456 (3d Cir.1999). Once these tests are met, we give deference to a district court's application of the Sentencing Guidelines to the facts, as required by 18 U.S.C. § 3742(e). See *Hebling*, 209 F.3d at 243. Further, this court exercises plenary review over a district court's interpretation of "loss" under U.S.S.G. § 2F1.1. *United States v. Sharma*, 190 F.3d 220, 226 (3d Cir.1999).

The burden of persuasion is on the Government to prove by a preponderance of the evidence that the facts of a case support a sentence enhancement. *United States v. Evans*, 155 F.3d 245, 253 (3d Cir.1988). Brown argues the Government failed to meet its burden to establish the amount of loss because the Government admitted that Walsh Securities played a role in the conspiracy. We need not decide whether it would be clear error to have included the loss of a victim who was neither indicted nor named as an unindicted co-conspirator[1] because Brown stipulated in his plea agreement that the properties at issue would be included in the calculation of losses. Schedule A of Brown's plea agreement specifically states:

> [W]ith respect to 2F1.1(b)(1) the loss amount will be determined based on the loss resulting from each mortgage loan supported by a fraudulent appraisal, including those loans set forth in Counts 8 through 17 of the Indictment.

Supp.App. at 8. Counts 8 through 17 explicitly contain the four loans to First Union and Walsh Securities.

Brown is attempting to contradict his own sentencing stipulation. We have re-peatedly held that a defendant cannot negotiate a plea agreement based on stipulations and then attempt to evade those stipulations on appeal. See *United States v. Cianci*, 154 F.3d 106, 110 (3d Cir.1998) (holding defendant who made stipulation in plea agreement cannot later renege that agreement); *United States v. Melendez*, 55 F.3d 130, 136 (3d Cir.1995) (rejecting defendant's attempt to dispute stipulation regarding appropriate sentencing range); *United States v. Parker*, 874 F.2d 174, 175–78 (3d Cir.1989) (refusing to allow defendant to argue facts which contradicted those agreed to in plea agreement). Brown's argument is foreclosed by his own stipulation in the plea agreement.

At his Rule 11 allocution, Brown failed to claim that anyone from Walsh Securities was involved in the fraud. Brown has put forth nothing more than unsubstantiated allegations that some unknown individuals at Walsh Securities were involved in some aspect of the conspiracy. Thus, Brown has failed to produce any evidence that warrants the removal of Walsh Securities' losses from the total loss amount. The District Court's decision to include the losses of Walsh Securities in the total loss amount of $437,424 was appropriate and not clearly erroneous. The District Court properly applied the nine-level enhancement based on this total amount of loss. The judgment of sentence will be affirmed.

---

**1.** We note that the record contains no evidence that Walsh Securities was criminally involved in the fraudulent scheme.