NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 08-2153

BARBARA L. ABBOTT,
Appellant

v.

LOAN CITY, INC.,
MORTGAGES ELECTRONIC REGISTRATION SYSTEMS, INC.;
*FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for
WASHINGTON MUTUAL BANK;
THE PRIORITY MORTGAGE GROUP, INC.

* (Amended per Clerk's Order dated 12/2/08)

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. No. 2-05-cv-04497)
District Judge: Hon. Juan R. Sánchez

Submitted pursuant to Third Circuit LAR 34.1(a)
Monday, September 20, 2010

Before: McKEE, Chief Circuit Judge, AMBRO
and CHAGARES, Circuit Judges

(Opinion filed: September 30, 2010)

OPINION

McKEE, Chief Judge.

Barbara L. Abbott appeals the District Court's judgement in favor of the defendant

in her suit under the Truth-in-Lending Act ("TILA"), 15 U.S.C § 1601 *et seq*. For the

1

reasons set forth below, we will affirm.

The district court has set forth the factual and procedural history of this case, and we need not repeat them. *See Abbott v. Washington Mutual Finance, Inc.*, 2008 WL 756069 (E.D.Pa. March 20, 2008). On appeal, Abbott argues that the district court erred in finding that the broker's compensation charge was not covered under the TILA and that the defendant was not liable for damages. She also argues that the court abused its discretion[1] by refusing to allow her to amend her complaint.[2]

In his Memorandum and Opinion, Judge Sánchez carefully and clearly explained his reasons for finding that the fees paid to the broker are not covered by the TILA. The district judge's analysis is thorough and well-reasoned, and we can add little to his thoughtful analysis since his Memorandum and Opinion explain the court's conclusions.

Accordingly, we affirm the district court's order substantially for the reasons set forth in the district court's Memorandum and Opinion without further elaboration.

---

[1] We need not discuss Abbott's contentions that she should have been allowed to amend her complaint, because, for the reasons the district court has explained, that court did not abuse its discretion in not allowing the complaint to be amended. *See Abbott*, 2008 WL 756069, *3-4.

[2] We will not address arguments that Abbott is attempting to raise now that were only contained in the amended complaint since that complaint is not before us. *See United States v. Melendez*, 55 F.3d 130, 136 (3d Cir. 1995) (refusing to address an issue raised for the first time on appeal).