

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-2003

# USA v. Coletta

Precedential or Non-Precedential: Non-Precedential

Docket 02-1549

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Coletta" (2003). *2003 Decisions*. Paper 752.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/752

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No: 02-1549

———————————

UNITED STATES OF AMERICA

v.

WILLIAM M. COLETTA,

Appellant

———————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 00-cr-00708)
District Judge: Honorable Mary Little Cooper

———————————

Submitted Under Third Circuit LAR 34.1(a)
on January 13, 2003

Before: ROTH, FUENTES
and ALDISERT, Circuit Judges

(Opinion filed: March 11, 2003)

ROTH, <u>Circuit Judge:</u>

William Coletta appeals his conviction on two counts of being a felon in possession of a firearm. On February 7, 2001, a jury found him guilty on two counts and was unable to reach a unanimous verdict on two additional counts. The District Court sentenced Coletta to 24 months imprisonment.

Coletta appeals on two grounds: (1) the District Court erred in relying on a stipulation that he was a convicted felon, and (2) the District Court erred in denying his motion for a new trial based on newly discovered evidence of a *Brady* violation.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Because the issue concerning the stipulation was not raised before the District Court, we review it for plain error. *See United States v. Vonn*, 122 S.Ct. 1043, 1046 (2002). We review an alleged *Brady* violation under a clearly erroneous standard for questions of fact and *de novo* for questions of law. *See United States v. Perdomo,* 929 F. 2d 967, 969 (3d Cir. 1991).

First, Coletta argues the District Court erred by relying on a stipulation that he is a convicted felon. Coletta contends that since his previous conviction was in New Jersey where there are no crimes called "felonies," the stipulation to the fact that he is a convicted felon is factually and legally wrong. However, we have consistently held that a defendant is barred from challenging a validly accepted stipulation. *See United States v. Cianci,* 154 F.

2

3d 106, 109 (3d Cir. 1998); *United States v. Melendez,* 55 F. 3d 130 (3d Cir. 1995); and *United States v. Parker,* 874 F. 2d 174 (3d Cir. 1989). Coletta cannot now evade the stipulation he made with the government. We find no error, much less plain error, in the District Court accepting and relying on this valid stipulation.

Second, Coletta argues the District Court erred in denying his motion for a new trial based on newly discovered evidence. Coletta contends that it was only after he was convicted that he became aware of impeaching evidence about one of his own witness. Further, Coletta argues the government violated its *Brady* duty of disclosure when it did not turn over this evidence to him during trial.

The evidence in question concerns Detective Sergeant Fernando Pineiro. Pineiro testified as a defense witness both at the suppression hearing and at trial. Pineiro's testimony was peripheral to the merits of the charges against Coletta. Pineiro testified about who was in charge of the investigation (Det. John Soulias), who oversaw the electronic equipment, and Pineiro's general experience with preparing reports and affidavits (he had not prepared any in this case). Coletta claims that Detective Pineiro had been "court-martialed" for testifying falsely before a grand jury. Coletta learned of this incident from a lawsuit for discriminatory treatment which Pineiro had filed in 1999 against his employer, the New Jersey State Police. Coletta contends that this disciplinary action was relevant to Detective Pineiro's credibility as a witness and should have been turned over pursuant to Coletta's *Brady* requests and the government's duty to disclose under *Brady.*

3

For there to be a *Brady* violation, Coletta must prove: (1) the evidence in question was favorable to him either because it was exculpatory or it had impeachment value against a prosecution witness, (2) the evidence was suppressed by the government, and (3) the evidence was material to his guilt. *See, e.g., Strickler v. Greene,* 527 U.S. 263, 281-282 (1999).

Evidence is material and exculpatory when the credibility of a *prosecution* witness may be determinative of a defendant's guilt or innocence, *see United States v. Starusko,* 729 F. 2d 256, 260 (1984); or it includes material that goes to the heart of the defendant's guilt or innocence or might alter the jury's judgment of the credibility of a crucial *prosecution* witness. *See Giglio v. United States,* 405 U.S. 150, 154 (1972).

We conclude that the evidence Coletta refers to is neither material or exculpatory. Nor does it refer to a *prosecution* witness. Moreover, the evidence alleged to have been withheld was contained in Detective Pineiro's lawsuit which had been filed in 1999. Coletta had the same access to the information as did the government. Coletta has failed to show a *Brady* violation.

For the foregoing reasons, we will affirm the judgment of the District Court.

THE CLERK:

　　Please file the foregoing Opinion.

　　　　　　　　　　　　　　　By the Court,


　　　　　　　　　　　　　　　　/s/ Jane R. Roth
　　　　　　　　　　　　　　　Circuit Judge