**UNITED STATES of America,**

v.

**Raulin SANCHEZ–CORDERO,**
**Appellant.**

**No. 02–4419.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) Nov. 18, 2003.

Decided Nov. 21, 2003.

George S. Leone, Gail Zweig, Office of United States Attorney, Newark, NJ, for Appellee.

Michael E. Damico, Paterson, NJ, for Appellant.

Before: RENDELL, BARRY and CHERTOFF, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Raulin Sanchez–Cordero appeals from his sentence, contending that it was in excess of that given to his co-defendant, and affected his substantial rights. As a result, he contends his sentence should be vacated.

Sanchez–Cordero pled guilty to conspiring to distribute more than 50 grams of cocaine base and entered into a plea agreement whereby he stipulated that he waived his right to appeal and collaterally attack his sentence so long as the total offense level determined by the District Court was equal to or less than 27. In fact, the offense level determined by the District Court was 25. This resulted in a guideline range of 63–78 months. However, the statutory mandatory minimum for the crime to which Sanchez–Cordero pled was 120 months.

Sanchez–Cordero now contends that his sentence, which was the mandatory minimum, was nonetheless greater than the sentence given to his co-conspirator, Jose Chalas, and because Chalas was more culpable than Sanchez–Cordero, Sanchez–Cordero's rights have been violated.

We note that in his initial brief Sanchez–Cordero did not mention that he had waived his right to appeal, and he has not filed a reply brief challenging the government's contention that he should be deemed to have waived his right to appeal, as he so stipulated in his plea agreement. See United States v. Cianci, 154 F.3d 106, 110 (3d Cir.1998); see also United States v. Melendez, 55 F.3d 130, 136 (3d Cir. 1995); United States v. Parker, 874 F.2d 174, 178 (3d Cir.1989).

We have no basis on which to disturb the District Court's sentence in light of Sanchez–Cordero's own waiver. Even were we to hesitate to enforce the waiver because his sentence was based on the statutory minimum rather than being measured by the applicable offense level, we nonetheless fail to find the basis argued by Sanchez–Cordero—namely the length of his co-defendant's sentence—at all persuasive. This argument is only relevant in situations where the sentencing court's actions are so arbitrary as to deny due process, which clearly was not the case here. See United States v. Hart, 273 F.3d 363, 379 (3d Cir.2001). We will AFFIRM.