

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2006

# USA v. Murray

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3572

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Murray" (2006). *2006 Decisions.* Paper 1235.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1235

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3572

_____

UNITED STATES OF AMERICA

v.

CHARLES F. MURRAY,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 04-cr-00207)
District Judge: Honorable Joseph E. Irenas

_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2006

Before: RENDELL, AMBRO, Circuit Judges,
and SHAPIRO*, District Judge

(Filed April 21, 2006)

_____

OPINION OF THE COURT

_____

_____
    *   Honorable Norma L. Shapiro, Senior Judge of the United States District Court for
    the Eastern District of Pennsylvania, sitting by designation.

RENDELL, <u>Circuit Judge</u>.

On or about January 30, 2004, Charles Murray pled guilty to a criminal information of two counts of traveling in interstate commerce to engage in sexual acts with a minor, in violation of 18 U.S.C. § 2423(b). In his plea agreement, Murray waived his right to file any appeal, collateral attack, or any other writ or motion after sentencing if the sentencing court determined Murray's offense level to be equal to or less than 27 under the Sentencing Guidelines. After extensively questioning Murray, the District Court found that Murray understood the terms of the plea agreement and accepted its terms knowingly, intelligently and voluntarily, and without any threats, promises or coercion.

At sentencing, the District Court determined Murray's base offense level to be 27, with a criminal history category of II – resulting in a sentencing range of 78 to 97 months imprisonment under the Sentencing Guidelines. The District Court sentenced Murray to 83 months imprisonment and, in light of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), stated that it would impose the same sentence even if the Sentencing Guidelines were not mandatory. Murray instructed his counsel to file an appeal – despite the waiver of appellate rights contained in the plea agreement – and counsel filed a Notice of Appeal on August 31, 2004.[1] Counsel for Murray subsequently

---

[1]After counsel filed the Notice of Appeal, but before submitting the briefs presently before us, the Supreme Court held that the Sentencing Guidelines are only advisory and that facts relevant to sentencing – other than prior convictions – must be determined by a

2

filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that after a conscientious examination of the record, counsel could not raise any issue of arguable merit on appeal.  Thereafter, the defendant filed a *pro se* brief and the government filed a response brief.

Third Circuit Local Appellate Rule 109.2(a) follows the guidelines set forth in *Anders*, providing that counsel may submit a motion to withdraw and an *Anders* brief where counsel "is persuaded that the appeal presents no issue of even arguable merit." When counsel submits an *Anders* brief, we ask  "(1) whether counsel adequately fulfilled [Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."[2]   *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001); *United States v. Marvin*, 211 F.3d 778, 780-81 (3d Cir. 2000) (adopting *United States v. Tabb*, 125 F.3d 583 (7th Cir. 1991), wherein the court stated that in an *Anders* situation counsel must (1) satisfy to the court that he or she has thoroughly scoured the record in search of appealable issues; and (2) explain why any such issues are frivolous).  Furthermore, while "counsel need not raise and reject every possible claim . . . he or she must meet the 'conscientious examination' standard set forth in *Anders*." *Youla*, 241 F.3d at 300.  Here, after a conscientious examination of the record, counsel correctly asserted in his *Anders* brief that Murray knowingly, intelligently and voluntarily waived

jury or admitted by defendant.  *United States v. Booker*, 543 U.S. 220 (2005)

[2]Third Circuit Local Appellate Rule 109.2(a) requires the government to file a response brief and allows appellant to submit a *pro se* response brief.

his appellate rights in his plea agreement. In his *pro se* brief, Murray does not challenge his waiver on this basis. Additionally, counsel explained that the District Court properly sentenced Murray, and that the Supreme Court's subsequent decisions in *Blakely* and *United States v. Booker,* 543 U.S. 220 (2005), do not invalidate Murray's plea agreement and waiver of appellate rights.

We are satisfied that counsel has fulfilled both his *Anders* obligations and the Rule 109.2(a) requirements. We find that the issues defendant asserts on appeal lack legal merit. Therefore, we grant counsel's request to withdraw and dismiss the appeal.

Murray's waiver of appellate rights precludes him from bringing this appeal. We have held that "waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). Murray entered into his plea agreement knowingly, voluntarily and intelligently. He had competent counsel and was aware of the nature of the charges against him. There is no indication that Murray was incompetent. At sentencing, the District Court thoroughly questioned Murray about the crimes detailed in the plea agreement and Murray admitted that he had committed all of the offenses. Murray informed the District Court that he agreed with all of the stipulations in his plea agreement and understood that he was waiving his rights to appeal.[3] Accordingly, he

---

[3]Even if Murray's appellate waiver were invalid, Murray's challenge to the District Court's imposition of a sentencing enhancement pursuant to § 2A3.2(b)(2)(B) of the Sentencing Guidelines would be meritless. Murray stipulated to this enhancement in his

4

waived this right and his appeal will be dismissed.

In addition, we note that Murray would not have been entitled to resentencing under *Booker.* In *United States v. Hill*, 411 F.3d 425, 426 (3d Cir. 2005), we held that where the District Court clearly indicates that an alternative sentence would be identical to the sentence imposed under the Guidelines, any error that may attach to a defendant's sentence under *Booker* is harmless. Here, the District Court clarified that it would have imposed the same sentence assuming the Guidelines were only advisory. Therefore, Murray could not raise a *Booker* challenge on appeal.

For the foregoing reasons, we will dismiss the appeal and grant defense counsel's motion to withdraw.

_____

plea agreement. In *Blakely*, the Supreme Court stated that "[w]hen a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." 542 U.S. at 310. We have repeatedly held that a defendant may not "renege on his agreement" by challenging on appeal an enhancement that defendant stipulated to in his plea agreement. *United States v. Cianci*, 154 F.3d 106, 110 (3d Cir. 1998); *see also United States v. Melendez*, 55 F.3d 130 (3d Cir. 1995) (barring defendant from disputing stipulation regarding sentencing range). Here, Murray stipulated to the "undue influence" enhancement in his plea agreement; therefore, no judicial factfinding was necessary to warrant the sentencing enhancement.