## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                           )
      v.               )      **ID No. 1905005509**
                           )
**BARRY E. FELTON,**      )
            **Defendant.**  )

Submitted:  January 4, 2022
Decided:  January 20, 2022

### ORDER DENYING MOTION TO REDUCE SENTENCE

This 20th day of January, 2022, upon consideration of the Defendant Barry E. Felton's Motion for Sentence Reduction (D.I. 29) and the record in this matter, it appears to the Court that:

(1)     On February 5, 2020, Mr. Felton pleaded guilty to two separate counts: Assault in the First Degree and Possession of a Firearm During the Commission of a Felony (PFDCF).[1]  He did so in exchange for the State's amendment of the original attempted murder charge to felony assault, its dismissal of the remaining 20 counts of his indictment, and a favorable joint sentencing recommendation.[2]

(2)     Sentencing occurred several months later, on June 26, 2020, after a pre-

---

[1]     Plea Agreement and TIS Guilty Plea Form, *State v. Barry E. Felton*, ID No. 1905005509 (Del. Super. Ct. Feb. 5, 2020) (D.I. 20).

[2]     *Id.* ("The State and the Defendant agree to recommend 7.5 year level V.").  Under the plea, Mr. Felton faced a maximum cumulative term of 50 years in prison.  DEL. CODE ANN. tit. 11, §§ 613(c), 1447A(b) & (d), and 4205(b)(2) (2018) (both first-degree assault and PFDCF are class B felonies; each carries up to 25 years of imprisonment).

sentence investigative report was prepared. Mr. Felton was sentenced to serve: for PFDCF—three years at Level V with no probation to follow; and for Assault First Degree—25 years at Level V suspended after four years and six months for 20 years and six months at Level IV (DOC Discretion), which is then suspended after he serves six months at Level IV for two years of Level III probation. The sentencing order provides that Mr. Felton's sentence is effective May 10, 2019, that his terms of confinement are to run consecutively, and that he is to be held at Level V until space is available at Level IV.[3]

(3) The Court was required to impose at least a three-year mandatory prison term for the PFDCF charge[4] and at least a two-year mandatory prison term for the first-degree assault count.[5] The Court was statutorily prohibited from ordering either of those prison terms to run concurrently.[6] And so, the first five years of Mr. Felton's

---

[3] Sentencing Order, *State v. Barry E. Felton*, ID No. 1905005509 (Del. Super. Ct. Feb. 5, 2020) (D.I. 25).

[4] DEL. CODE ANN. tit. 11, §§ 1447A(b) & (d) (2018) ("A person convicted [of PFDCF] shall receive a minimum sentence of 3 years at Level V . . . [and a]ny sentence imposed for a violation of this section shall not be subject to suspension . . .").

[5] *Id.* at §§ 613(c) and 4205(b)(2) (one must receive no less than two years of imprisonment for first-degree assault).

[6] *Id.* at § 3901(d) ("[N]o sentence of confinement of any criminal defendant . . . shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant for any conviction of . . . Assault in the first degree . . ."). *See State v. Thomas*, 220 A.3d 257, 265 (Del. Super. Ct. 2019) ("[I]t simply doesn't matter whether both . . . crimes in the equation are concurrent-sentence-prohibited or not. As long as one crime in the calculation is concurrent-sentence-prohibited, it cannot be made to run concurrently with *any* other.") (emphasis in original).

seven and one-half year term of unsuspended imprisonment is comprised wholly of minimum terms of incarceration that had to be imposed, could not be suspended, and no parts of which could be made to run concurrently. The remaining two and one-half years were bargained for and agreed to by the parties and were imposed as an exercise of the Court's own discretion.[7]

(4)     Mr. Felton filed no direct appeal from his convictions or sentence.[8]

(5)     Mr. Felton has now filed another *pro se* Rule 35(b) motion.[9] In short, he asks that the Court reduce his Level V term to time-served (he's served two years and eight months thus far) and urges the Court should grant such a Level V reduction now because of his rehabilitative efforts and work history while incarcerated.[10]

---

[7]     *See Lacombe v. State*, 2014 WL 2522273, at *1 (Del. May 30, 2014) ("The trial court has broad discretion to impose any sentence that does not exceed the statutory limits set by the General Assembly.").

[8]     But Mr. Felton did immediately file a *pro se* sentence reduction motion. (D.I. 27). He did so during the 30-day appeal period in which he was, under the Delaware Supreme Court's rules, still represented by counsel. So, in accord with the then-recent decision in *J. Jones v. State* [2020 WL 2280509 (Del. May 7, 2020)] and this Court's Criminal Rule 47, the Court didn't consider Mr. Felton's *pro se* Rule 35 application. Instead, it was docketed with no further action taken and sent to Mr. Felton's then-attorney to communicate with him and take whatever action counsel deemed appropriate. (D.I. 28). No further sentence reduction efforts by Mr. Felton or his attorney ensued—until now.

[9]     Def.'s Rule 35(b) Mot. (D.I. 29). Mr. Felton's labeling of his application as a "Motion for Sentence Review" is of no moment. He is seeking to reduce his sentence of imprisonment. And "[t]here is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence." *R.K. Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003).

[10]     *Id.*

(6)     The Court may consider a Rule 35(b) motion "without presentation, hearing or argument."[11]   The Court will decide Mr. Felton's motion on the papers filed and the complete record in his case.

(7)     Recall that Mr. Felton when striking his deal with the State unequivocally agreed to the now-challenged term of the sentence imposed (*i.e.*, that he serve a cumulative 7½ years of imprisonment).  Mr. Felton, no doubt, reaped the benefit of that express agreement—his charged offenses went from almost two dozen to two; his sentencing exposure dropped from natural life plus hundreds of additional years to fifty.  But he now unabashedly asks the Court to undercut that bargain by cleaving the remainder of his prison term even though he has served but a bit more than one-third of his agreed-upon sentence.[12]   While perhaps not controlling, these are salient factors for the Court to consider when it receives entreaties like this.[13]

(8)     What Mr. Felton now does is something suggested by far too many who resolve their serious criminal cases by plea—invite the Court to assist in an inmate's violation of his plea agreement.  When the parties arrive at an agreed-upon number either's request of a sentence other than that expressly bargained for in the plea

---

[11]   Super. Ct. Crim. R. 35(b).

[12]   Def.'s Rule 35(b) Mot. at 2.

[13]   *See, e.g., State v. Colburn,* 2015 WL 1881181, at *3 (Del. Super. Ct. Apr. 24, 2015).

-4-

agreement is, at bottom, a breach of that agreement.[14] It matters not whether that breaching request is made during the sentencing hearing, immediately thereafter, or anytime later.[15] And the Court should play no role in such chicanery merely because the memory and immediacy of a potential trial with all its burdens and trappings have faded. With that said, the Court could end its examination of Mr. Felton's petition right here. But to be complete, the Court won't.

(9)     When deciding sentence reduction motions, this Court addresses any applicable procedural bars before turning to the merits.[16] Mr. Felton's application does not address any of the applicable bars to consideration of his current Rule 35(b) motion. The Court must.[17]

(10)    "Rule 35(b) requires that an application to reduce imprisonment be filed promptly—i.e. within 90 days of the sentence's imposition—'otherwise, the Court

---

[14]  *United States v. Williams,* 510 F.3d 516, 521-24 (3d Cir. 2007) (review of a defendant's alleged breach of a plea agreement by failure to abide by agreed-upon sentencing recommendation requires application of basic principles of contract law); *Chavous v. State*, 953 A.2d 282, 286-87 (Del. 2008) (adopting *Williams* standard of review of alleged breach of a plea agreement and noting that standard applies whether it is a defendant or the State that is alleged to have breached it).

[15]  *See United States v. Menlendez*, 55 F.3d 130, 136 (3d Cir. 1995) ("When a defendant stipulates to a point in a plea agreement, he 'is not in a position to make . . . arguments [to the contrary].'").

[16]  *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[17]  *See State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Ct. Dec. 16, 2014); *State v. Culp,* 152 A.3d 141, 145-47 (Del. 2016) (instructing that this Court cannot ignore the Rule 35's plain language, its procedural bars and requirements, or established precedent interpreting the rule).

loses jurisdiction' to act thereon."[18]  An exception to this bar exists:  to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his own motion must demonstrate "extraordinary circumstances."[19]  A heavy burden is placed on the inmate to establish "extraordinary circumstances" in order to uphold the finality of sentences.[20]

(11)   The term "extraordinary circumstances" is generally defined as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event."[21]  "And for the purposes of Rule 35(b), 'extraordinary circumstances' have been found only 'when an offender faces some genuinely compelling change in circumstances that makes a resentencing urgent.'"[22]  At its core, Rule 35(b) is a rule limited to reconsideration and altering of a sentence after the 90-day motion

---

[18]   *Redden,* 111 A.3d at 607 (internal citations omitted).

[19]   *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphasis added).

[20]   *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence.").

[21]   *Diaz*, 2015 WL 1741768, at *2 (citing BLACK'S LAW DICTIONARY (10th ed. 2014)); *Id.* (Observing also that, in the Rule 35(b) context, "'extraordinary circumstances' are those which 'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'"); *State v. Remedio*, 108 A.3d 326, 332 (Del. Super. Ct. 2014).

[22]   *State v. Thomas*, 220 A.3d 257, 262 (Del. Super. Ct. 2019) (quoting *Fountain v. State*, 139 A.3d 837, 842 n.20 (Del. 2016)).

deadline "only when there is a truly compelling change in that inmate's individual circumstances that presents an urgent need for revision of the sentence's terms."[23]

(12)    Mr. Felton filed this motion more than 550 days after he was sentenced. And the factors Mr. Felton mentions—rehabilitative efforts—are of a sort Delaware courts have rejected as adequate to shoulder the heavy burden placed on one to establish "extraordinary circumstances" under Rule 35(b).[24]

(13)    Finally, even were Rule 35's time bar inapplicable here, the Court still has no authority to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.[25] Mr. Felton has asked for an immediate release from his Level V term that would, at the very least, violate the five-year cumulative

---

[23] *Id.*

[24] *Culp*, 152 A.3d at 145-46 (collecting cases) (participation in educational and rehabilitative programs does not constitute "extraordinary circumstances" for purposes Rule 35(b)); *Redden,* 111 A.3d at 607-08.

Mr. Felton's attempt to invoke the Court's "inherent authority" over its sentencing judgments by reference to this Court's decision in *State v. D.W. Jones* [2016 WL 1590960 (Del. Super. Ct. Apr. 13, 2016)] is unavailing. "A sentencing judge must reserve the authority to modify a sentence: (1) upon the occurrence of a certain condition or conditions; (2) expressly and affirmatively; (3) either in the original sentencing order *or* upon a first and timely filed Rule 35(b) motion; and (4) solely to ensure that the primary goal of the original sentence is preserved." *Remedio*, 108 A.3d at 330-31 (cleaned up). In the original *D.W. Jones* sentencing order the Court did indeed retain authority to modify that inmate's sentence upon certain occurrences. But the Court did not do so in Mr. Felton's. And none of conditions that might allow the Court its rare exercise of its inherent authority to modify a sentencing judgment are present here. *See id.* (Explaining that "the circumstances under which this [inherent] authority is exercised are rare, and the requirements for such must be adhered to strictly.").

[25] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008).

minimum required for his assault and firearms convictions.  That the Court cannot do.[26]

(14)   Accordingly, Mr. Felton's motion for reduction of the Level V term of his sentence must be **DENIED** because it is both time-barred and seeks relief that is statutorily prohibited.  Mr. Felton's serial motions for reduction of the Level V term of his sentence should have never been filed because they violate the express sentencing agreement he made with the State.



Paul R. Wallace, Judge

Original to Prothonotary

cc:    Barry E. Felton, *pro se*
       Michael B. Cooksey, Deputy Attorney General
       Investigative Services Office

---

[26]   *Id.* ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).