NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3324
_____

JOHN OLMEDO-SERRANO,

Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-13-cv-03618
District Judge: The Honorable Petrese B. Tucker

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 19, 2016

Before: SMITH, *Chief Judge,* McKEE, and SHWARTZ, *Circuit Judges*

(Filed: April 5, 2017)
_____

OPINION[*]
_____

SMITH, *Chief Judge.*

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

John Olmedo-Serrano appeals from the District Court's order approving and adopting the Magistrate Judge's Report and Recommendation, which recommended dismissing Olmedo-Serrano's petition for writ of habeas corpus under 28 U.S.C. § 2254. We issued a certificate of appealability as to Olmedo-Serrano's claim of ineffective assistance of trial counsel following his guilty plea. We will affirm the District Court's denial of that claim but on different grounds than those upon which the District Court relied.

I.

In 2007, Olmedo-Serrano was arrested and charged with various criminal offenses connected to a drive-by shooting, which resulted in the crippling of one victim. Olmedo-Serrano confessed to the charged conduct. Represented by counsel, he pleaded guilty to attempted murder, aggravated assault, and conspiracy to commit murder. Olmedo-Serrano's guilty plea was "open," meaning that the guilty plea contained no agreed-upon recommendation for sentencing. Olmedo-Serrano's guilty plea subjected him to the following sentencing ranges: 120 to 480 months for attempted murder, 42 to 54 months for aggravated assault, and 78 to 96 months for conspiracy to commit murder.

After considering counsels' arguments, the sentencing court imposed a sentence of 12 1/2 to 25 years of incarceration, with 25 years of supervised

probation. Olmedo-Serrano did not object to this sentence. On the record, counsel informed Olmedo-Serrano that he had "ten days to file a motion asking the court to reconsider [his] sentence and . . . thirty days to file an appeal with the Superior [C]ourt." JA68. No motion for reconsideration or appeal was filed.

Nine months after sentencing, Olmedo-Serrano filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9541 *et seq*. Among other allegations, Olmedo-Serrano's PCRA petition claimed ineffective assistance for his trial counsel's "fail[ure] to file a motion for re-consideration of sentence when he had assured [Olmedo-Serrano] he would file." JA104. The PCRA petition, however, offered no explanation for why a motion for reconsideration was warranted or what arguments the motion for reconsideration would have raised. It simply noted that Olmedo-Serrano expected a lower sentence than he received and that his "sentence was manifestly excessive." *Id.* The PCRA petition also made no mention of a failure by trial counsel to appeal Olmedo-Serrano's sentence, a failure by trial counsel to discuss appealing the sentence, or any request by Olmedo-Serrano to appeal.

Following the petition's filing, the PCRA Court appointed counsel to represent Olmedo-Serrano. Shortly after that appointment, Olmedo-Serrano filed an amended *pro se* PCRA petition, which reiterated only some of the allegations

3

from the original petition. The amended *pro se* petition did not raise trial counsel's failure to file a requested motion for reconsideration or an appeal.

PCRA counsel subsequently filed a *Finley* letter, stating that Olmedo-Serrano's petition lacked merit. *See Commonwealth v. Finley*, 550 A.2d 213, 215 (Pa. Super. Ct. 1988). Olmedo-Serrano objected to PCRA counsel's letter and noted again that his trial counsel had failed to file a motion for reconsideration on his behalf. The PCRA Court then informed Olmedo-Serrano by letter of its intention to dismiss his petition. Olmedo-Serrano responded to the PCRA Court's notice but again did not raise trial counsel's failure to file either a motion for reconsideration or an appeal. Shortly thereafter, the PCRA Court dismissed Olmedo-Serrano's petition.

After the PCRA Court dismissed his petition, Olmedo-Serrano filed a *pro se* "Statement of Matters Complained of on Appeal" with the PCRA Court, again making no mention of any failure to file an appeal, any failure by trial counsel to discuss an appeal, or any request by Olmedo-Serrano to appeal. The PCRA Court addressed Olmedo-Serrano's filing in a written opinion. In relevant part, the PCRA Court observed that Olmedo-Serrano's claim "that trial counsel was ineffective for failing to file a motion for reconsideration" was "without merit." JA141. The PCRA Court reasoned that "[c]ounsel cannot be deemed ineffective

4

for failing to pursue a meritless claim and Appellant has failed to establish beyond a preponderance of the evidence that he was prejudiced by counsel's act or omission. Error was not committed." *Id.*

Olmedo-Serrano then appealed the dismissal of his PCRA petition to Pennsylvania's Superior Court. On appeal, Olmedo-Serrano argued that (1) trial counsel was ineffective for failing to file a motion for reconsideration, (2) trial counsel also caused him to lose his "direct appeal rights" by failing to file the motion for reconsideration, and (3) PCRA counsel was ineffective for filing the no-merit *Finley* letter. JA158. As to the allegations of trial counsel's ineffective assistance for failing to file a motion for reconsideration and causing him to lose his "appeal rights," the Superior Court concluded that Olmedo-Serrano had waived those claims by failing to raise them in both his original PCRA petition and his response to the PCRA Court's notice of intent to dismiss. For the claim relating to PCRA counsel, the Superior Court determined that counsel was not ineffective for filing a no-merit *Finley* letter. In doing so, it observed that the claims underlying Olmedo-Serrano's PCRA petition, including his claim that trial counsel was ineffective for failing to file a motion for reconsideration, were "without merit." JA187. The Superior Court consequently affirmed the dismissal of Olmedo-Serrano's PCRA petition in full. *See Commonwealth v. Olmedo-Serrano*, No.

5

2836 EDA 2011, 2013 WL 11289218, at *4–5 (Pa. Super. Ct. Jan. 23, 2013).

Following that dismissal, Olmedo-Serrano filed his current petition for writ of habeas corpus *pro se* under 28 U.S.C. § 2254.[1] The petition raised only an ineffective assistance claim for trial counsel's failure to file a motion for reconsideration and noted that, "[a]s a result" of this failure, Olmedo-Serrano "did not file a direct appeal." JA23. Olmedo-Serrano's § 2254 petition made no allegation that trial counsel failed to discuss an appeal or that he even requested trial counsel to file an appeal.

Reviewing the § 2254 petition, the Magistrate Judge issued a Report and Recommendation, concluding in relevant part that Olmedo-Serrano's claims related to the motion for reconsideration and appeal were procedurally defaulted. While disagreeing with the Superior Court that Olmedo-Serrano failed to raise those allegations in his original petition, the Magistrate Judge nonetheless determined that the claims were procedurally defaulted because Olmedo-Serrano failed to raise them in his amended PCRA petition. Olmedo-Serrano objected to the Report and Recommendation, again making no mention of any failure to file a requested appeal by trial counsel. The District Court approved and adopted the

---

[1] In his § 2254 petition, Olmedo-Serrano also raised a claim of ineffective assistance of trial counsel regarding his guilty plea. We did not grant a certificate of appealability as to that claim and therefore will not review it now.

6

Magistrate Judge's Report and Recommendation in full.

## II.[2]

Because we granted a certificate of appealability only with regard to whether the District Court properly denied Olmedo-Serrano's claim that trial counsel was ineffective for "failing to file a motion for reconsideration of [his] sentence or take other action to preserve his appeal rights," our review is limited to that single issue. JA15. We conclude that the denial was proper but for reasons different than those relied on by the District Court.

First, to the extent Olmedo-Serrano now argues that trial counsel was ineffective for failing to appeal his sentence, that claim is procedurally defaulted because Olmedo-Serrano failed to raise it in either his original or amended PCRA petition. Second, assuming no procedural default occurred as to Olmedo-Serrano's claim that trial counsel failed to file a motion for reconsideration, the Pennsylvania Superior Court's dismissal of that claim on the merits was not unreasonable.

## A.

Olmedo-Serrano's claim that trial counsel failed to file an appeal is

---

[2] The District Court had jurisdiction over Olmedo-Serrano's petition under 28 U.S.C. §§ 2241 and 2254(a). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

procedurally defaulted.

"Where a state court refuses to consider a petitioner's claims because of a violation of state procedural rules, a federal habeas court is barred by the procedural default doctrine from considering the claims. . . ." *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004). Here, the Superior Court determined that, based on state procedural rules, Olmedo-Serrano had waived his claim of ineffective assistance related to the failure to file an appeal by failing to raise the claim before the PCRA Court. *See Commonwealth v. Wallace*, 724 A.2d 916, 921 n.5 (Pa. 1999) (concluding that a petitioner's failure "to raise [a claim] in the PCRA petitions presented to the PCRA Court" made the claim "not eligible for appellate review"); *see also* 42 Pa. Cons. Stat. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so . . . in a prior state postconviction proceeding[.]").

Olmedo-Serrano did not allege in either of his *pro se* PCRA petitions that trial counsel was ineffective for failing to file an appeal. Rather, his original petition stated only that trial counsel "fail[ed] to file a motion for re-consideration of sentence when he had assured [Olmedo-Serrano] he would file." JA104. *But see* JA117–21 (amended petition making no mention of trial counsel's failure to file a motion for reconsideration). A motion for reconsideration, though, is not an

8

appeal.  *See, e.g.*, *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (stating that a claim for failing to file an objection is unlikely to "provide notice of" a claim for failure to file an appeal); *see also United States v. Duffus,* 174 F.3d 333, 337 (3d Cir. 1999) (describing *Craycraft* as "compelling precedent").  Nor is a motion for reconsideration a prerequisite for an appeal; rather, a motion for reconsideration is simply an additional means by which to raise an objection under Pennsylvania law.  *See* Pa. R. Crim. P. 720(B)(1)(c) ("Issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues."); *see also Commonwealth v. Reeves*, 778 A.2d 691, 692 (Pa. Super. Ct. 2001) ("[I]ssues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion *or* by raising the claim during the sentencing proceedings." (emphasis added) (citation omitted)); *cf. Commonwealth v. Jarvis*, 663 A.2d 790, 792 (Pa. Super. Ct. 1995) (concluding that, because an issue was not preserved during trial or after trial through a motion for reconsideration, the issue on appeal was waived).  Therefore, the Superior Court's conclusion that Olmedo-Serrano waived his ineffective assistance claim related to filing an appeal bars review of that claim.

In response to the invitation in our certificate of appealability, Olmedo-Serrano argues for the first time that the procedural default here should be excused

under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).  That argument is unpersuasive.

In *Martinez*, the Supreme Court held that "attorney error in [initial review] collateral proceedings may sometimes establish cause for the default of a claim of ineffective assistance of trial counsel."[3]  *Norris v. Brooks*, 794 F.3d 401, 404 (3d Cir. 2015) (citing *Martinez*, 132 S. Ct. at 1315).  The Supreme Court characterized this exception as "narrow."  *Martinez*, 132 S. Ct. at 1315.

Under *Martinez*, Olmedo-Serrano must demonstrate that an error by PCRA counsel "amounts to *constitutionally ineffective* assistance of counsel."  *Id.* at 1324.  "Sixth Amendment claims of ineffective assistance of counsel are governed by the familiar two-prong test of *Strickland v. Washington*."  *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005).  *Strickland*'s two-prong test proceeds as follows: "First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To be deficient, counsel's performance must fail to meet an objective standard of reasonableness.

---

[3]  The Supreme Court also stated that, for this exception to apply, state law must require that "claims of ineffective assistance of trial counsel . . . be raised in an

*Id.* at 688; *see also id.* at 689 (observing that courts "must indulge a strong presumption" that counsel was effective). "At all points, judicial scrutiny of counsel's performance must be highly deferential." *Wong v. Belmontes*, 558 U.S. 15, 17 (2009) (per curiam) (quoting *Strickland*, 466 U.S. at 689) (internal quotation marks and alteration omitted).

Olmedo-Serrano does little to explain how his PCRA counsel was deficient. His arguments essentially boil down to the proposition that counsel should have raised a claim related to a separate factual matter that Olmedo-Serrano never raised, despite his numerous filings before the PCRA Court. None of Olmedo-Serrano's filings mention a failure by trial counsel to file an appeal, a failure by trial counsel to discuss an appeal, or that Olmedo-Serrano even requested trial counsel to file an appeal. Rather, his filings repeatedly assert trial counsel was ineffective for failing to file a motion for reconsideration after his sentence was higher than he expected. In his § 2254 petition, Olmedo-Serrano similarly makes no allegation that trial counsel failed to file a requested appeal. Even before this Court, Olmedo-Serrano makes no argument that trial counsel failed to file an appeal he requested.

PCRA counsel also discussed the petition with Olmedo-Serrano, particularly

---

initial-review collateral proceeding." *Martinez*, 132 S. Ct. at 1320. Pennsylvania

11

Olmedo-Serrano's allegations relating to the higher-than-expected sentence. Despite that discussion, PCRA counsel's *Finley* letter provides no indication that Olmedo-Serrano expressed a desire to bring a failure-to-appeal claim or that Olmedo-Serrano had requested trial counsel to file an appeal. Olmedo-Serrano's objection to the *Finley* letter and the PCRA Court's notice of intent to dismiss similarly demonstrate that no such desire was expressed.

Thus, while Olmedo-Serrano now asserts that he wished to file a failure-to-appeal claim in his PCRA petition, he took no step toward making that claim: he did not raise it in his initial petition, in his amended petition, in discussions with PCRA counsel, or in any of his post-*Finley* letter filings. Under *Strickland*'s highly deferential review of counsel's performance, we conclude that Olmedo-Serrano fails to demonstrate that PCRA counsel was deficient and thus cannot show that his case fits within *Martinez*'s limited exception to procedural default.

B.

Olmedo-Serrano contends that he properly raised an ineffective assistance claim for trial counsel's failure to file a motion for reconsideration. We are uncertain that this claim was procedurally defaulted, as the District Court concluded, because Olmedo-Serrano raised the claim in his original PCRA

---

law so requires. *See Cox v. Horn*, 757 F.3d 113, 124 n.8 (3d Cir. 2014).

petition. Even assuming that Olmedo-Serrano properly raised that claim, the Pennsylvania Superior Court's dismissal of that claim was not an unreasonable application of federal law.

"The Antiterrorism and Effective Death Penalty Act (AEDPA) dictates the manner in which we conduct our review." *Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, 280 (3d Cir. 2016) (en banc). Under AEDPA, federal habeas courts cannot grant relief "with respect to any claim that was adjudicated on the merits in State court" unless the adjudication "resulted in a decision that . . . involved an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

A state court decision involves an "unreasonable application of federal law" if the decision "identifies the correct governing legal rule . . . . but unreasonably applies it to the facts of the particular state prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). That said, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Rather, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "If this standard is difficult to meet, that is

13

because it was meant to be." *Id.* at 102.

Here, the Pennsylvania Superior Court adjudicated Olmedo-Serrano's ineffective assistance claim related to the motion for reconsideration on the merits. When the Superior Court examined Olmedo-Serrano's ineffective assistance claim relating to his PCRA counsel, it analyzed the underlying claims in Olmedo-Serrano's PCRA petition, including his motion-for-reconsideration claim. In doing so, the Superior Court concluded that the motion-for-reconsideration claim was "without merit." JA187 ("[T]he trial court, and now our Court, have both conducted independent reviews of Appellant's claims and find them to be without merit."); *see also Richter*, 562 U.S. at 98 ("By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2). There is no text in the statute requiring a statement of reasons."); *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 548 (3d Cir. 2014) (observing that "cursory statements" constitute an adjudication on the merits).

To ascertain whether that merits decision by the Superior Court was an unreasonable application of federal law, we must "determine what arguments or theories supported or, *as here, could have supported*, the state court's decision; and then [we] must ask whether it is possible fairminded jurists could disagree that

14

those arguments or theories are inconsistent with the holding in a prior decision of" the Supreme Court. *Dennis*, 834 F.3d at 282 (quoting *Richter*, 562 U.S. at 102).

Olmedo-Serrano argues that trial counsel was deficient for failing to file a motion for reconsideration to have the sentencing court better explain the reasons for his sentence and that this failure to file the motion prejudiced him.[4] As noted earlier, we evaluate claims of ineffective assistance through a two-prong approach, analyzing counsel's performance for deficiency and whether that deficiency prejudiced the defendant. *See Strickland*, 466 U.S. at 687. Making the prejudice inquiry, we "must ask if [Olmedo-Serrano] has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Id.* at 696. Here, fairminded jurists could not disagree as to whether the failure to file a motion for reconsideration was prejudicial to Olmedo-Serrano because he has not met his burden to demonstrate that filing a motion for reconsideration would have altered his sentence.

---

[4] Olmedo-Serrano failed to properly preserve these arguments for appeal, having not raised them first before the District Court. *See United States v. Melendez*, 55 F.3d 130, 136 (3d Cir. 1995) (declining to address argument first raised on appeal); *see also Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (declining to consider arguments related to § 2254 petition that were not made before the District Court). Notably, he did not explain to the state habeas courts the basis for a motion for reconsideration, which may explain the state court's brevity.

Olmedo-Serrano faced recommended sentencing ranges of 120 to 480 months for attempted murder, 42 to 54 months for aggravated assault, and 78 to 96 months for conspiracy to commit murder. With those ranges as background, the sentencing court considered extensive argument as to the appropriate sentence for Olmedo-Serrano.

Olmedo-Serrano's trial counsel requested a sentence of 5 to 10 years of incarceration for Olmedo-Serrano. In support of this below-guidelines request, trial counsel argued that Olmedo-Serrano's criminal history score overstated his criminal history and noted several factors militating against a lengthy sentence, including that a licensed psychologist identified Olmedo-Serrano as learning disabled and possessing an IQ of 70, that Olmedo-Serrano had a difficult family situation and was "in and out of institutions since the age of 12," that he took responsibility for his conduct and pleaded guilty, that he offered to assist in the prosecution of other individuals connected to his crimes, and that Olmedo-Serrano was young.

After hearing from Olmedo-Serrano's counsel, the sentencing court considered arguments from the State. The State first presented the testimony of a victim's mother. She described the impact the shooting had on her son and her family. The State also contended that Olmedo-Serrano appreciated the gravity of

his offense and emphasized that Olmedo-Serrano's recent criminal history included a conviction for gun possession. The State thus requested a sentence of 15 to 30 years of incarceration for Olmedo-Serrano.

The sentencing court ultimately imposed 12 1/2 to 25 years of incarceration. That sentence was just above the Pennsylvania sentencing guidelines' 10-year recommendation and well below the 40-year statutory maximum facing Olmedo-Serrano. The sentence was also below the State's requested sentence of 15 to 30 years.

Given that background, Olmedo-Serrano fails to explain how a better explanation from the sentencing court, following a motion for reconsideration, would have changed his sentence. With the statutory ranges at issue, the sentencing court's consideration of extensive sentencing arguments, and Olmedo-Serrano's failure to explain how further explanation from the sentencing court would have changed his sentence, it is not unreasonable to conclude that further explanation from the sentencing court would not have altered his sentence, and thus the Superior Court's ruling that the claim lacked merit was not unreasonable. *See Dennis*, 834 F.3d at 281 ("A rule's unreasonable application corresponds to the specificity of the rule itself: '[t]he more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.'" (alteration in

17

original) (quoting *Richter*, 562 U.S. at 101)).  Thus, even if the issue were not procedurally defaulted, Olmedo-Serrano's assertion that his counsel was ineffective for failing to file a motion for reconsideration does not provide a basis for relief.

III.

For the foregoing reasons, we will affirm the order of the District Court denying Olmedo-Serrano's petition.